SMITH *vs.* ADAIR & BROTHERS.

61  281
114  637

1. When no objection was made in the court below to the hearing of the motion on a new trial on the ground that it had not been filed, and because the brief of evidence had not been approved at the

proper time, such objection cannot be entertained in this court.

2. On the issue of fraud in procuring the signature of the defendant to a note, evidence of like fraud in procuring another note from a different party, was inadmissible.

Practice in the Supreme Court. Fraud. Evidence. Before Judge HALL. Newton Superior Court. September Term, 1877.

Adair & Bros. sued Smith on three guano notes, which contained a provision that the purchaser bought on his own judgment, and the vendor was relieved from responsibility in the sale. Defendant pleaded failure of consideration and fraud in procuring his signature to the notes. On the trial the court allowed one Piuett to testify, over objection, that he had been induced to sign a similar note by the statement that it contained only a waiver of homestead. The jury found for defendant; plaintiffs moved for a new trial; it was granted, and defendant excepted.

EMMETT WOMACK, for plaintiff in error, cited Code, §3719.

W. W. CLARK; BARTON & CHRISTIAN, for defendants.

WARNER, Chief Justice.

The plaintiffs sued the defendant upon three notes of the aggregate value of $240.00 given for a commercial manure called "Pacific guano" in which notes it was recited, "that having for years been acquainted with the agricultural value of the Pacific guano, purchase the same upon our own judgment, relieving said Adair & Brothers from all responsibility in the sale thereof." The defendant pleaded that the said Pacific guano was wholly unfit for the purpose for which it was purchased as a fertilizer, and did his crop no good, and that he was induced to sign said notes by the fraudulent acts of the plaintiffs, etc. On the trial of the case, the jury found a verdict for the defendant. A motion was made for a new trial on the grounds therein stated,

which was granted by the court, and the defendant excepted.

1. It appears in the record, that the case was tried at the September term of the court, 1877, and at that term the plaintiffs made the motion for a new trial, which motion has no entry on it that it had been filed in the clerk's office of the superior court, though the plaintiffs filed a brief of the evidence in the case during the September term, 1877, but it was not approved by the judge until the 25th of April, 1878, when the motion for a new trial was considered and granted. At the March term of the court, 1878, (the plaintiffs' motion for a new trial being then pending) the following consent order was taken : "Upon consent of counsel, it is ordered that all motions for new trials *now* pending in this court, and all motions for new trials hereafter to be perfected arising from cases tried at this term of the court, and *certioraries* now pending, be heard by the presiding judge in vacation, and that counsel be allowed twenty days from the adjournment of this court in which to file their motions and complete their briefs, and have the motions and briefs approved by the presiding judge of said court." The March term of the court adjourned on the 29th of March, 1878. On the 25th of April, 1878, the judge granted the new trial for the reasons stated in the order, that the verdict was contrary to the evidence, and strongly and decidedly against the weight of the evidence. The defendant insisted at the hearing of the case here, that the court below erred in hearing and deciding the motion for a new trial, because there was no entry on the papers that the motion for a new trial had been filed in the clerk's office, and because the judge did not enter his approval on the brief of evidence filed until the hearing of the motion for a new trial, on the 25th of April, 1878. The reply is, that there was no objection made in the court below to the hearing of the motion upon either of those grounds, and therefore that court has made no decision in relation thereto which this court can review.

2. Without expressing any opinion as to whether the

verdict was contrary to the evidence or not, we affirm the judgment granting the new trial on the ground that the court erred in admitting the testimony of Pruitt, "that plaintiffs' agent for the sale of guanos had induced him to sign a note for guano by telling him that there was nothing in it but a waiver of homestead."

Let the judgment of the court below be affirmed.