## Cole *v.* Byrd.

1. When, pending suit against the son, his mother conveys land to him, and before judgment he conveys it back to her, and after judgment the land is levied upon as his property, and she interposes a claim, upon the trial of the claim case, evidence both parol and in writing is admissible in her favor to show the facts and circumstances under which both deeds were made, and the causes and considerations moving thereto, the issue being fraud or no fraud.
2. Objections to evidence must specify the ground which was presented to the court below on the trial.
3. The court, without request, need not charge on the credibility of witnesses, or the mode of impeachment.
4. The evidence warranted the verdict.

April 29, 1889.

Evidence. Fraud. Practice. Witness. Impeachment. New trial. Before Judge Hutchins. Gwinnett superior court. October term, 1888.

This is a claim case. From the record appear the following facts: On April 4, 1885, W. T. Cole sued W. D. Byrd for damages for the seduction of his daughter, and on March 15, 1887, recovered a verdict and judgment, and a *fi. fa.* issuing thereupon was levied upon certain land to which a claim was interposed by Mary A. Byrd, the mother of the defendant in *fi. fa.* On the trial of the issue thereupon made, the plaintiff admitted possession in her at the date of the levy, and then introduced a warranty deed from her to the defendant in *fi. fa.*, dated January 30th, 1885, conveying the property in dispute; recorded April 2, 1885. He then showed, by the tax digest for 1885, that the defendant gave in the land in dispute for taxes of that year, valuing it at $1,250, and other property amounting to $95. By the digest for 1887 it appeared that his whole taxable property was $55.

The claimant introduced a deed from the defendant to herself, dated January 9th, 1886, conveying the property in question. She testified that she conveyed the land to the defendant for the sole purpose of obtaining a loan, and that it was the understanding that, as soon as he could effect this loan, he was to reconvey the land to satisfy others of debts for which she was security. She introduced a deed, dated April 15, 1885, from defendant to Mary L. F. Jones, conveying the property to secure a loan, together with bond for title from Mary L. F. Jones to him, agreeing to reconvey the land upon the payment of the money. This bond was assigned to the claimant on January 9, 1886. The claimant testified that the reason this was not done sooner was because defendant was away from home, and that upon this assignment she assumed defendant's debt to Mary L. F. Jones. She further showed that the defendant was then owing her (claimant) a large sum for moneys she had paid out for him and had become liable to pay.

She further testified that he had never paid her any money she had paid out for him; that she had no intention of delaying or hindering his creditors in procuring the conveyance to herself, but it was a *bona fide* transaction, and her only purpose was to protect her own interest; that he had not been in the possession of the land since he conveyed it to her, nor was any interest therein reserved to him in any way; that at that time, she did not know that any suit had been instituted against him by the plaintiff, nor had she heard that he was in any trouble with the plaintiff or his daughter, and that the first she knew of it was after the deed was made by him to her. She admitted that, on a former trial of this case, she did not state that she conveyed the land to the defendant to enable him to make a loan, but stated that she did so in accordance with the will and wish of her deceased husband; but she now testifies that the reason she did not state on the first trial that the deed was made to enable him to borrow the money was, that her attention was not called to it. She introduced the tax digest of 1886, showing that she gave in and paid tax on the land for that year.

In rebuttal, the plaintiff introduced a bond signed by the defendant as principal and the claimant as surety, dated April 6, 1885, binding the defendant to appear at the next superior court to answer the charge of seduction; this bond having been taken by a justice of the peace upon a warrant issued upon the affidavit of W. T. Cole, charging the defendant with the seduction of his daughter.

The jury found the property not subject. The plaintiff moved for a new trial on the following grounds:

(1-2) The court erred in admitting in evidence the deed from the defendant to Mary L. F. Jones, the same tending to show outstanding title in a third person and

v 83-14

tending to confuse the issue and mislead the jury; also the bond for title from Mary L. F. Jones to defendant, without requiring proof of its execution, the same not being pertinent to the issue on trial. (The deed and bond were admitted as part of the history of the transaction between claimant and defendant, and not as evidence of title in claimant, and the jury were instructed, in substance, as follows: "The deed made by defendant in *fi. fa.* to Miss Jones, together with the bond for title to reconvey to him, were admitted in evidence, not to show title in Miss Jones (for the claimant cannot sustain her claim by showing outstanding title in another), but to be considered by the jury as a circumstance, in connection with other facts and circumstances, on the question of good or bad faith, fraud or fairness, in the tranactions between the defendant in *fi. fa.*, and the claimant,—whether the deed by defendant to claimant was made to pay an honest debt or to delay, hinder or defraud defendant's creditors. Claimant took the deed or title from defendant subject to the deed held by Miss Jones as security, and unless that debt is paid by her, the land will remain subject to it." The charge on the issue of fraud was full, including the rule as to presumption in transactions between parent and child, involving and prejudicial to the rights of creditors.)

(3) The court erred in not instructing the jury as to the credibility of witnesses, the mode of impeachment, the effect of previous contradictory statements, their manner of testifying, their means of knowing the matters testified to by them, and their interest in the result of the trial. (The court certified that the weight to be given testimony and the credibility of witness were left to the jury without special instructions, none having been requested.)

(4) The court erred in allowing the claimant to testify, over objection, that the deed from her to defendant·

was made to enable him to effect the loan, and the land was then to be reconveyed to her; thereby changing by parol evidence the terms of a valid written instrument, and showing a deed absolute on its face, accompanied by possession, to convey a less estate than that purported by the terms of the instrument, and seeking to engraft a parol trust on a warranty deed without laying the foundation of fraud on the part of the grantee. (The court certified that grantee did not deny the agreement as stated by the claimant in reference to the object of the deed to him and the reconveyance of the title to her after the loan was effected.)

(5) The verdict is contrary to law and evidence.

The motion was overruled, and plaintiff excepted.

SAM. J. WINN, for plaintiff.

T. M. PEEPLES, for defendant

BLECKLEY, Chief Justice.

1. The defendant in *fi. fa.* acquired title pending the suit, and also parted with title before judgment was rendered. Therefore, whether the judgment had any lien upon the property, would depend upon fraud or no fraud. Certainly, upon that question, evidence both parol and in writing was admissible to explain the whole transaction. See 1st head-note.

2. It appears that a certain bond for titles was admitted in evidence without proving its execution, but it nowhere appears in the record that that objection was presented to the court at the time the bond was offered and admitted. The motion for a new trial does say that the bond was admitted without proof of its execution, but it fails to say that it was objected to upon that ground or any other.

3. Had the plaintiff's counsel desired the court to charge upon the credibility of witnesses, the mode of

impeachment, etc., etc., a request to do so ought to have been made. No such request was made.

4. The evidence was very ample to warrant the jury in arriving at the conclusion that the dealings between mother and son were wholly free from any taint of fraud on her part. We think as did the court below, that the verdict finding the property not subject was correct.                    *Judgment affirmed.*