### SMITH *v.* SAMUELS.

FISH, C. J. 1. Fred Turner, who owned and was in possession of a certain parcel of land, in April, 1873, sold and conveyed the same, in fee, to Richard Morris, the conveyance being recorded in January, 1874. In November, 1873, Turner executed and delivered to Mose and Sallie Reese a deed purporting to convey an estate in the same land for and during their lives, the deed being recorded in December, 1873, and they entered into possession as life-tenants and so remained until the death of the survivor of them in 1897. In July, 1891, the administrator of the estate of Morris, under order of the court of ordinary, sold the land, subject to the life-estate, at administrator's sale to Jones, who subsequently sold and conveyed it to Samuels, after whose death it was duly set apart, in 1906, as a year's support to his widow and minor children, who afterwards brought an action for its recovery against Smith, whose paper title to the land was a warranty deed from Turner to Armstrong, executed in March, 1897, after the termination of the life-estate, and a warranty deed from Armstrong to Smith, executed in December, 1904. *Held:*

(*a*) That the deed from the administrator of Morris's estate to Jones was not inadmissible in evidence on the ground that it appeared from the face of such deed that at the time it was executed the Reeses, as life-tenants, were in possession of the land and holding it adversely to the estate. It did not appear from this deed that the life-tenants were holding adversely to the interest in the land which the administrator sold, viz., the remainder after the termination of the life-tenancy. The administrator, under the order of the court of ordinary, could lawfully sell the remainder, which was all the interest he claimed the estate of his intestate had in the land, although the life-tenants, as such, held possession.

(*b*) Such administrator's deed was properly admitted in evidence over the objections that it did not sufficiently describe the land sought to be conveyed and did not "cover and convey the property in controversy." The deed described the land as "All of lot 2 as per survey made by J. C. Wheeler and recorded in Book of Returns DD, folio 235; the land hereby conveyed being a portion of the property purchased by Richard Morris

from Fred Turner, also the land upon which Sallie Reese now lives, she having a lifetime interest as per deed recorded in Book W, folio 363, in Clerk's Office, Bibb Superior Court."

2. The court did not err in refusing to instruct the jury, in accordance with the written request of the defendant, as follows: "It is admitted Turner owned the property in dispute prior to and at the time of conveying to Morris. If, after Turner conveyed to Morris said property, Turner conveyed to the life-tenants, Moses and Sallie Reese, and put them in possession of the property, Reese would hold under Turner; and if Morris permitted Reese to remain in possession under deed from Turner for more than seven years, Reese's possession would be the possession of Turner; and if Reese's possession was adverse to Morris's possession, a good prescriptive possession would ripen in Turner and Reese under him as against Morris."

3. The court instructed the jury to the following effect: The only question of fact to be passed on by the jury is whether, under the evidence and the agreement of counsel submitted to the jury, the conveyances put in evidence by the plaintiff cover the land sued for and in possession of the defendant. If they do, "then the plaintiff has the best title, because [she] holds the oldest fee-simple recorded deed to that property; and under our law and under the agreement of facts in the case by counsel, if Turner was in possession of that land and made a fee-simple deed to Morris to [it], and it was subsequently sold by the administrator of Morris and [in] succession passed to the plaintiff . . through her husband and year's support set aside by the ordinary of the county for her benefit, that would give her a better title than any subsequently-made deed by Turner to any person from whom the defendant . . claims title." In view of the evidence, this charge was not erroneous as excluding from the consideration of the jury the question whether defendant had title by prescription; defendant's theory of prescription being that contained in his request to charge as set forth above in note 2.

4. The assignment of error upon the overruling of the demurrer to the petition is not referred to in the brief of counsel for plaintiff in error, and therefore is considered as abandoned.

*Judgment affirmed. All the Justices concur.*

Decided February 16, 1910.

Complaint for land. Before Judge Felton. Bibb superior court. November 20, 1908.

*T. B. West,* for plaintiff in error. *Dasher & Parks,* contra.