## Oats *v.* Jones *et al.*  :

LUMPKIN, J. A husband conveyed land to his wife, and the deed was recorded. Thereafter they lived on the place together for some time, when the wife moved away, leaving the husband in possession. Some years after making the deed to the wife, he made deeds to secure debts which he incurred. After she left, he sold the land and a mule, and made a conveyance to a person who paid $100 cash and agreed to take up a debt of the husband of $566; which was done through a third person, who advanced the money, took a conveyance from the husband and also a conveyance from the holder of the security deed, and made a bond for title to the purchaser. In a suit in ejectment to recover the land, brought by the wife, the purchaser, besides ·the general issue of not guilty, pleaded estoppel by reason of the plaintiff's disclaiming right or title and inducing the defendant to purchase from the husband bona fide, for value, and without notice, and that the wife was a mere volunteer and not a bona fide purchaser for value. The evidence was conflicting as to whether the purchaser had notice of the deed held by the wife before his purchase. *Held:*

1. There was no error in admitting in evidence the deed from the husband to the person who advanced the money for the purchaser, and the bond for title from such person to the purchaser, along with the other evidence.

2. Nor was there error in admitting in evidence deeds showing a conveyance by the husband to another, to secure his indebtedness, and a conveyance by such creditor to the person who advanced the money for the purchaser to take up the debt, under the agreement of purchase.

3. The pleadings and evidence did not authorize the submission of a question as to whether the deed to the wife was made generally for the purpose of defrauding his creditors and evading the payment of his debts, as a defense to one who claimed as a subsequent purchaser from the husband. In that capacity he was not concerned with any purpose to defraud creditors, who became such after the conveyance to the wife, except in so far as he may have succeeded to the right of a creditor sought to be defrauded. Such issue was not raised by the pleadings, but a claim to a perfect title was asserted by the purchaser.

4. In a suit of the character stated above, where the evidence was conflicting as to whether or not the purchaser had notice of the deed to the wife, it was error to charge: "If it should appear to you from the testimony that the plaintiff in this case induced, by her acts or words, the defendants to purchase the property in question, then she would be estopped from claiming the property as against him, although he may have had notice of the deed in her." It was too broad a statement to declare generally that estoppel would result from "acts or words" inducing action, without regard to notice or knowledge.

5. Except as herein indicated, the rulings assigned as error were not sub-ject to the grounds of complaint urged against them.

(a) A general exception to a charge, without more, does not raise the question whether, assuming it to be a correct statement of a principle of law, it is applicable to the evidence.

6. The only exception being to the overruling of a motion for a new trial, and the brief of evidence being brought up by specification as part of the record, there is no merit in a motion to dismiss the writ of error because the certificate of the judge to the bill of exceptions states that it is true, "and specifies all of the record material to a clear understanding of the errors complained of," but does not expressly state that it contains or specifies all of the evidence material, etc.

(a) Nor was there any merit in a ground of a motion to dismiss the writ of error because the judge's charge as a whole was not brought to this court.

*Judgment reversed. Beck, J., absent. The other Justices concur.*
AUGUST 19, 1911.

Ejectment. Before Judge Frank Park. Mitchell superior court. June 4, 1910.

*Cox & Peacock,* for plaintiff. *Davis & Merry,* for defendants.