## HILL *v.* NEELY; *et vice versa.*

GEORGE, J.   **1.** "Where the estoppel relates to the title to real estate, the party claiming to have been influenced by the other's acts or declarations must not only be ignorant of the true title, but also of any convenient means of acquiring such knowledge. Where both parties have equal knowledge or equal means of obtaining the truth, there is no estoppel." Civil Code (1910), § 5737. "In order for an equitable estoppel to arise, there must generally be some intended deception in the conduct or declarations of the party to be estopped, or such gross negligence as to amount to constructive fraud, by which another has been misled to his injury." Civil Code (1910), § 5738. See *Wilkins* v. *McGehee*, 86 *Ga.* 764 (13 S. E. 84); *Stonecipher* v. *Kear*, 131 *Ga.* 688 (63 S. E. 215) 127 Am. St. R. 248); *Oats* v. *Jones*, 136 *Ga.* 704 (71 S. E. 1097); Brant *v.* Virginia Coal &c. Co., 93 U. S. 326 (23 L. ed. 927). The charges of the court relating to

the doctrine of estoppel were authorized by the evidence, and were substantially correct.

2. The rulings on the admissibility of evidence, and the refusal of the court to charge the jury as requested, show no cause for reversal.

3. The evidence for the plaintiff is sufficient to identify the land claimed; and the verdict finding for the plaintiff the premises in dispute is not without evidence to support it.

*Judgment on main bill of exceptions affirmed; cross-bill dismissed. All the Justices concur, except Gilbert, J., disqualified.*

Nos. 2131, 2139. MARCH 4, 1921.

Complaint for land. Before Judge Hammond. Burke superior court. June 29, 1920.

The suit was brought to recover about nine acres of land lying on the west side of Beaver Dam creek in the 69th district G. M. of Burke County. The plaintiff owned a large tract of land lying on the east side of the creek, called the Forest Hill place, including a mill-pond with a dam extending across the creek. The defendant owned a large tract of land lying on the west side of the creek, called the Waterloo place. The dispute was as to whether the parcel sued for was part of the land to which the plaintiff held title, or whether it was part of the defendant's plantation. The evidence was extensive, and in material respects conflicting. According to the plaintiff's contention, the parcel sued for extended northward from the western end of the mill-dam, and was shown by recorded plats, as well as other evidence, to be included in his tract. One of the contentions of the defendant was that the plaintiff was estopped from asserting as against him title to the land in question, by having signed, as president of a company, a quitclaim deed to the defendant for the Waterloo place, in which the eastern boundary was given as the waters of Beaver Dam creek, and by having likewise signed a transfer to the defendant of an execution that had been levied on the plantation to satisfy a debt of another person, the entry of levy giving the same boundary. The verdict was in favor of the plaintiff, and the defendant excepted to the refusal of a new trial. In the motion therefor it was contended (among a number of grounds) that the verdict was against the law and the evidence, and without evidence to support it; and that the court erred:

1. In charging the jury in the words of the Civil Code, §§ 5737, 5738 (see first headnote of the decision), because this instruction was not adjusted to the facts, the recital of boundary in the deed and transfer signed by the plaintiff being binding on him. Also,

for the same reason, in charging as follows: "I charge you that for an estoppel to operate against a party signing a deed as to a boundary line between two adjacent tracts of land, the description included in the deed of the boundary line in question must be sufficiently definite and accurate to put the party signing the deed, who it is claimed is estopped, on notice as to the definite boundary line between the tracts in question; and if it is too indefinite to put the party executing the deed on notice, then it would not amount to an estoppel." And in refusing a request to charge, that if it appeared from the evidence that a deed was signed by the plaintiff as president of the company named as grantor therein, then the plaintiff "is himself charged with notice of the recitals in that deed, and it is for [the jury] to decide, under the evidence, whether that notice would work an equitable estoppel."

2. In refusing a request to charge that "a map or survey is not of itself title to land nor color of title;" the defendant contending that this was applicable to the facts, no evidence having been offered to prove the accuracy of the map or survey.

*William H. Fleming,* for plaintiff in error, cited on estoppel: Civil Code, § 5736; *Patterson* v. *Burns,* 150 *Ga.* 198 and cit.; *Schreck* v. *Blun,* 131 *Ga.* 489; 5 Enc. U. S. R. 923; 16 Cyc. 712; 21 C. J. 1111 and cit. On plats: Civil Code, §§ 603, 6312-6314; *Wooten* v. *Solomon,* 139 *Ga.* 433, 436; *Bower* v. *Cohen,* 126 *Ga.* 35.

*Callaway & Howard,* contra, cited (among other cases) : *Wall* v. *L. & N. R. Co.,* 143 *Ga.* 417; *Peyton* v. *Stephens,* 130 *Ga.* 338; *Hammond* v. *George,* 116 *Ga.* 792; *Jones* v. *McWatty,* 85 *Ga.* 212; *Roberts* v. *Ivey,* 63 *Ga.* 622; *Shiels* v. *Lamar,* 58 *Ga.* 591; *Parler* v. *Johnson,* 81 *Ga.* 255; *McAfee* v. *Arline,* 83 *Ga.* 645; *Smith* v. *Samuels,* 133 *Ga.* 790.