## JACKSON *v.* LIPHAM, executor, *et al.*

HINES, J. 1. The charge of the court, to which the defendant excepts in the first ground of the amendment to his motion for new trial, is not erroneous for any of the reasons assigned by the movant. If at the time the defendant purchased this land, when it was sold by the administrator of William Jackson as the property of the latter, he knew that Sam T. Jackson owned an undivided half interest therein, the mere fact that Sam T. Jackson stood by at such sale and permitted the defendant to purchase this property without disclosing his title would not estop said Jackson from asserting whatever title he had thereto. Where the estoppel relates to real estate, the party claiming to have been influenced by the other's acts or declarations must be ignorant of the true title. Civil Code (1910), § 5737. The estoppel provided for in section 4419 of the Code is applicable only where the purchaser is ignorant of the true state of the title. This instruction did not have the effect of excluding from the consideration of the jury the defendant's defense, that he bought and paid for whatever interest Sam T. Jackson had in this land, and that the administrator's sale and deed were the means of putting title to this land in him, under the agreement of sale between him and Sam T. Jackson.

2. The instruction touching prescription, to which the defendant excepts in the second ground of the amendment to his motion for new trial, was not erroneous for the reasons urged by the defendant. By his answer the defendant specifically set up title by prescription under his deed to this land from the administrator of William Jackson; and for this reason the court did not misstate the defendant's contention. Said instruction did not tend to mislead the jury, was not calculated to depreciate the defendant's defense that he claimed under a prior purchase from the grantor of the plaintiff, and was not an expression of opinion by the court upon the evidence.

3. The charge of the court upon estoppel, set out in the third ground of the amendment to the motion for new trial, is not an incorrect statement of the law, so far as the defendant is concerned. Conceding, but not deciding, that the evidence makes a case which authorized an instruction upon the subject of estoppel, the mere presence of the true owner at the administrator's sale, and his failure to disclose his claim and title to the land in dispute, would not estop him or his grantee from asserting title to the land, if the purchaser at such sale knew of the true state of the title at the time. Civil Code (1910), § 5737; *Tune* v. *Beeland,* 131 *Ga.* 528 (62 S. E. 976); *Stonecipher* v. *Kear,* 131 *Ga.* 688 (63 S. E. 215, 127 Am. St. R. 248); *Oats* v. *Jones,* 136 *Ga.* 704 (71 S. E. 1097). Nor would the true owner be estopped by the fact that his land was sold by the administrator as the property of an intestate, of whom he was an heir, unless it was shown that he participated in the proceeds of such sale either as his heir or creditor and with knowledge of the facts. *Lamar* v. *Pearre,* 90 *Ga.* 377 (17 S. E. 92); *Bourquin* v. *Bourquin,* 110 *Ga.* 440 (35 S. E. 710); *Hicks* v. *Webb,* 127 *Ga.* 170 (56 S. E. 307); *Hawks* v. *Smith,* 141 *Ga.* 422 (5) (81 S. E. 200). Upon the party pleading an estoppel rests the burden of proving every essential fact necessary to constitute the estoppel. *Callaway* v. *Irvin,* 123

*Ga.* 344, 351 (51 S. E. 477); *Parks* v. *Hailey,* 142 *Ga.* 391 (10) (83 S. E. 100); *Harris* v. *Neil,* 144 *Ga.* 519 (2) (87 S. E. 661).

4. The defendant excepts to the charge set out in the fourth ground of the amendment to his motion for new trial, not on the ground that it is incorrect as an abstract principle of law, but upon the grounds, (1) that there was no evidence that Sam T. Jackson was ever in possession, when any declaration was made by him; (2) that it was misleading and harmful, and tended to convey the idea that the declaration made by said Jackson was made while he was in possession; (3) that all the evidence shows that the defendant rented the premises and collected the rent thereof since the date of the administrator's deed; (4) that there was no evidence to authorize said charge, so far as the same applied to said Jackson; and (5) that said charge should have been given only as to the defendant. These objections are without merit. The trial judge, under the evidence, properly admitted declarations of both said Jackson and the defendant, asserting title to this land to be in each declarant, alleged to have been made by them while in possession of the premises; and the question of possession of the premises by the declarant being in dispute, the trial judge properly submitted to the jury the questions whether such declarations were in fact made, and, if made, whether made while the declarant was in possession, with an instruction to the jury to consider such declarations only in the event they found that the declarants were in possession when the same were made. When the facts upon which the admissibility of evidence depends are disputed, it is proper for the court to admit such evidence, and to instruct the jury that they should disregard such testimony, if they find such facts did not exist. *Holloway* v. *State,* 16 *Ga. App.* 143 (2) (84 S. E. 590).

5. The defendant excepts to the charge of the court on the subject of mesne profits, which is set out in full in the fifth ground of the amended motion. The errors assigned are, (1) that "a tenant in common cannot recover rents from his cotenant unless by an express contract to pay rent," and (2) that there was no evidence to authorize this instruction. The jury were authorized to find from the evidence that the defendant appropriated all of the premises in dispute to his exclusive use, in which event he would be liable to his cotenant for rent. Civil Code (1910), § 3724. Furthermore, the jury found against the theory that the plaintiff and the defendant were cotenants; and in view of this finding, this instruction, even if erroneous, was harmless to the defendant.

6. In the sixth and seventh grounds of the amendment to his motion for new trial the defendant excepts to the admission in evidence of a certain declaration made by Sam T. Jackson to J. H. Jackson, in which he stated that the north part of the tract known as the bottom place was his and the south part was the defendant's, and of a declaration made by Sam T. Jackson to J. W. Spradlin, in which he said that 50 acres, "being the property in dispute," belonged to him individually. The witness, J. H. Jackson, did not testify that the declarant was in possession of the premises in dispute at the time he made the above declaration, but that Sam T. Jackson stated at the time that he was in possession of the premises. The witness Spradlin stated that Jackson said he was in possession. The objection to the admission of this testimony was that

it did not appear that Sam T. Jackson was in possession at the time he made these declarations. The court overruled this objection and admitted this evidence. While the witness who testified to these declarations did not swear that Sam T. Jackson was in possession when he made them, there was other evidence from which the jury might infer that he was in possession when he made them; and while this fact was in dispute between the parties, the court properly admitted the declarations, with an instruction to the jury to disregard them if they found that the declarants were not in possession when they made them. This is so for the reason assigned in the fourth headnote above.

7. In the eighth ground of the amendment to his motion for new trial the defendant complains that one of the jurors who tried this case was disqualified and incapacitated to do so, because of bias and prejudice entertained by said juror towards him. Under the conflicting evidence on this subject, the judge, who was trior of the fact, did not abuse his discretion in overruling this ground of the motion for new trial.

8. There is evidence to support the verdict.

*Judgment affirmed. All the Justices concur.*

No. 4285.   JULY 18, 1924.

Ejectment. Before Judge Roop. Heard superior court. February 7, 1924.

This was an action in ejectment in the fictitious or John Doe form. The tenant in possession is R. W. Jackson, referred to in the record as Reuben Jackson. The defendant filed a plea of not guilty, and further set up a title by prescription. By an amendment to his answer he alleged, that he claimed a one-half undivided interest in the premises under purchase from Joe T. Jackson, administrator of William Jackson, deceased, and the other half by oral purchase from Sam T. Jackson on or about the first Tuesday in December, 1899; that he paid Sam T. Jackson for this half interest by giving him a certain note which he held against Jackson; that the latter accepted said note in payment for said undivided half interest; and that he went into possession and has been in possession of the same since said date. The defendant claims title to the land under an administrator's deed from J. T. Jackson, administrator of William Jackson, under the terms of which the administrator conveyed to him the entire fee in said land, and he has been in peaceable, adverse, notorious, open, and uninterrupted possession thereof for more than seven years. He further alleged that if in point of fact Sam T. Jackson owned an interest in said land on the first Tuesday in December, 1899, he stood by at a public sale of the same and saw it sold to this defendant, that he made no objection to said sale, but acquiesced

therein, and is now estopped from setting up any title or interest
therein.   On said date Joe T. Jackson, as administrator of the
estate of William Jackson, sold said lands to this defendant at
public outcry before the court-house door at Franklin, Ga.   The
proceeds of said sale went into the general funds of the estate
of William Jackson, which was known to Sam T. Jackson, and with
full knowledge of the same he permitted said administrator to
wind up said estate without objection.   Sam T. Jackson was heir
to said estate, being the son of William Jackson.

The evidence for the plaintiff makes this case:   Sam T. Jack-
son, under whom plaintiff claims, and R. W. Jackson, the defendant,
were sons of William Jackson.   William Jackson at one time owned
two tracts of land: one known as his home place and the other as
his bottom lands.   The bottom lands contained 116 or 117 acres.
After the death of William Jackson his administrator brought an
action of ejectment against Sam T. Jackson and R. W. Jackson,
to recover the last-named place.   This suit resulted in a verdict
finding in favor of Sam T. Jackson a one-half undivided interest
in the lands sued for.   A decree was entered on said verdict, award-
ing said undivided half interest to Sam T. Jackson.   This was
at the March or September term, 1899.   Thereafter Sam T. Jack-
son and the defendant divided this tract of land.   Under this
division the premises in dispute, consisting of the north half of
this tract, fell to Sam T. Jackson.   On March 22, 1915, Sam T.
Jackson by deed conveyed the premises in dispute to T. A. Lipham.
Up to the time of this conveyance Sam T. Jackson claimed the
premises in dispute; and at various times made declarations of
his claim of title thereto.   Reuben Jackson stated to one John H.
Jackson that he and Sam T. Jackson had divided the tract known
as the bottom lands.   After the administrator sold said tract the
defendant went into possession of a half interest and claimed it.
From 1899 to 1912, inclusive, Sam T. Jackson returned 50 acres
in land lots 2 and 3 in the 13th district, and 58-½ acres in same
lots and district in 1913 and 1914.   Sam T. Jackson and the de-
fendant returned 100 acres in land lot 4, 13th district, from 1900
to 1914.   The defendant returned 58-½ acres in land lots 2 and 3
of the 13th district, 1900-1914, and in 1915 returned 216 acres in
land lots 2, 3, and 4 in said district.   S. T. Jackson returned 58-½
acres in his own name.   There is some evidence from which the

jury might infer that the defendant made the above returns for Sam T. Jackson.

The premises in dispute contained 40-½ acres in the northwest corner of land lot No. 2, and 18 acres in the northeast corner of land lot No. 3, in the 13th district, and bounded on the south by the lands of Reuben Jackson, on the east by the lands of Bell Favor, on the north by the lands of the estate of John J. Jackson, and on the west by the lands of B. N. Jackson. They constitute practically the north half of the tract in which Sam T. Jackson secured a half interest in 1899.

The plaintiff introduced letters testamentary issued to T. A. Lipham, as executor of the last will of Sam T. Jackson; the ejectment suit in Heard superior court in favor of John Doe on the demise of Joseph T. Jackson, administrator of William Jackson, against Richard Roe as casual ejector, and R. W. Jackson and Samuel T. Jackson as tenants in possession, for the recovery of the property in dispute and other property; a disclaimer filed by Reuben Jackson; the answer of Sam T. Jackson in which he set up a claim of title to an undivided half interest in the premises in dispute; the verdict in said case, rendered at the March or September term, 1899, of Heard superior court, finding in favor of Sam T. Jackson a one-half undivided interest in the lands sued for, with the decree of the court thereon; and said deed from Sam T. Jackson to T. A. Lipham, together with the tax returns as above set out. There was some evidence that Sam T. Jackson, who was unmarried, permitted the defendant to use these premises in order to support his family.

The evidence for the defendant made this case: The declarations of Sam T. Jackson, disclaiming title to the premises in dispute and admitting title thereto to be in the defendant; the purchase by the defendant from Sam T. Jackson of his interest in the premises in dispute, as alleged in defendant's answer; the presence of Sam T. Jackson at the sale of this land by the administrator, where he made no objection to the sale and set up no claim to this land, but stated that this land was his father's estate; that he and his father owed the defendant some money; that he agreed for the defendant to buy the property at the administrator's sale; that the defendant, after the administrator's sale, went into possession, claiming title to this land; and that defendant had ever since said sale been in

possession thereof and claiming the same. The defendant intro-
duced a deed from Joe T. Jackson, administrator of William Jack-
son, to himself, conveying the premises in dispute, and the ad-
vertisement of the sale of the land by the administrator. There was
also evidence that the defendant exercised acts of ownership and
control of this property from 1899 down to the institution of this
suit.

The jury returned a verdict in favor of the plaintiff. The de-
fendant moved for a new trial on the general grounds; and by
amendment added the following grounds:

1. Because the court erred in charging the jury as follows:
"You understand, the plaintiff in this case is at variance with the
defendant about it. He insists that R. W. Jackson knew that
only an undivided one-half interest was being sold, and that he
bought only an undivided one-half interest, and that he paid for
only an undivided one-half interest, and that he bought it know-
ing that Sam T. Jackson owned an undivided one-half interest in
the land. If that is the truth about the business, gentlemen, the
plaintiff in this case would not be estopped, and R. W. Jackson
would have acquired only an undivided one-half interest in the
land described in the administrator's deed; and so far as that
phase of the case is concerned, nothing else appearing, unless the
defendant show some other reason why the plaintiff should not re-
cover, you would find in favor of the plaintiff." The errors as-
signed are, (1) that it was an expression of opinion by the trial
judge what had been proved by the plaintiff; (2) that there was
no evidence to authorize this charge; (3) that the undisputed evi-
dence showed that R. W. Jackson, on the day prior to the admin-
istrator's sale, purchased from and paid Sam T. Jackson for his
entire interest in this land.

2. Because the court erred in charging the jury as follows:
"Now, gentlemen, the defendant, R. W. Jackson, further claims
title to the land in dispute on the ground of prescription. He says
he has got a prescriptive title to it. The defendant insists that
while the administrator's deed may not be sufficient to put the title
in him as against the plaintiff in this case, he insists that that, to-
gether with his possession for a period of seven years, gives him
the title to the property. Now he insists and claims that although
this administrator's deed may not of itself put the title to this

property, the entire property in dispute, in him, that the deed is the basis of a prescription, whereby he has obtained the title." The errors assigned are, (1) that it was a misstatement of the defendant's contention, evidence, and defense; (2) that it was an expression of opinion by the court that the defendant did not insist or rely upon his defense of purchase, and that he admitted that the administrator's deed was not sufficient to put the title in him.

3. Because the court erred in charging the jury as follows: "Now, gentlemen, in determining whether or not Sam T. Jackson and the plaintiff in this case, the grantee in the deed from him, is estopped from claiming any part of the premises in dispute on the ground of estoppel, to which I have called your attention, you may consider whether or not Sam T. Jackson knew, at the time of the administrator's sale, that the entire property was being sold and whether or not R. W. Jackson paid for the entire property, and you may look to the evidence to see whether or not Sam T. Jackson knew that R. W. Jackson had paid the entire purchase-money to the administrator, and whether or not he had distributed that money with the knowledge of Sam T. Jackson;—consider all of these things in determining whether or not Sam T. Jackson is estopped under the rules that I have given you in charge, on the question of estoppel." The errors assigned are, (1) that this charge put the burden on the defendant of showing that there had been a distribution of the money derived from the administrator's sale, and that that knowledge had been brought home to Sam T. Jackson; (2) that R. W. Jackson would have to pay the entire amount of the purchase-money and see that it was properly distributed; and (3) that if the defendant bought the property at the administrator's sale and Sam T. Jackson knew it was being sold and stood by and made no objection, Sam T. Jackson and the grantee in the deed would be estopped from denying the sale.

4. Because the court erred in charging the jury as follows: "Now, gentlemen, there is certain evidence which has been offered here as admission. You look to the evidence in this case and see whether or not any admission has been made by either party, whether orally or whether made in writing; and I charge you the law is, with reference to admissions, that declarations of a person in possession of property in disparagement of his own title are admissible in evidence in favor of any one against privies.

Declarations in favor of his own title are admissible in evidence to prove his adverse possession. So if any declarations were made by either Sam T. Jackson or Reuben Jackson, either orally or in writing, you will look to the evidence and see whether or not at the time any such declarations were made the party making them was in possession of the premises in dispute; and if the evidence shows that the party making any such declarations was in possession of the premises in dispute at the time of making the declarations, then you will consider those declarations and apply the rule of law that I have just called your attention to, in determining the title to the property, if it was made in disparagement of his own title, or in determining adverse possession, if made in favor of his own title, while in possession of the premises." The errors assigned are, (1) that there is no evidence that Sam T. Jackson was ever in possession when the declaration was made by him; (2) that said charge was misleading and harmful, because it tended to convey the idea that the declaration made by Sam T. Jackson was made while he was in possession, the evidence showing that R. W. Jackson had rented the premises and collected the rents continuously since the date of the administrator's deed; (3) that there was no evidence to authorize such charge.

5. Because the court erred in charging the jury as follows: "If you find, under the rules that I have given you in charge, that the plaintiff in this case is entitled to recover, then you will find in his favor what is called in law mesne profits. That is, the reasonable rental value of the property in dispute, the annual rental value of the land in dispute; and if you find the premises in dispute to be the property of the plaintiff, you will also give a verdict for the rental value of the land in dispute from the year 1915 up to the present time; that is from 1915 to 1923 inclusive, if the evidence shows what the rental value is. If you find, under the rules of the law that I have given you in charge, that the plaintiff is entitled to recover only an undivided one-half interest in the land, then the mesne profits would be one half of the rental value of the land for those years, if the evidence shows the value. You will add the entire amount together and return it in one lump sum as mesne profits." The errors assigned are, (1) that a tenant in common cannot recover rents from his cotenant, without an

express contract to pay rent, and (2) that there was no evidence to authorize this instruction.

6. Because the court erred in admitting the following questions and answers of the witness for the plaintiff, J. H. Jackson, as follows: "Q. Now since this division was made, up to the time of Sam's death, who claimed the part on the north side, what is known as Sam's part, if you know? A. Since the date of the division, what all I have heard, Sam made claim to the north part and Reuben to the south part, I answer. Cousin Sam told me the north part was his and the other part was Cousin Reuben's." Counsel for defendant objected to the admission of this testimony, on the ground "that what a party says in favor of his own title about a claim, and is in possession, what he says with reference to that possession is admissible to show his adverse possession." The court overruled the objection.

7. Because the court erred in admitting the following evidence, and questions and answers, over objections of movant's attorneys, the same being the testimony of J. W. Spradlin, witness for the plaintiff: "A. I have been on the place in my lifetime that is in dispute between these folks. I live near it now. I wasn't on this particular tract when I had the conversation with Sam regarding the place. I spent the night over there in 1903, and I had a conversation with Sam about the land. Q. Who did he say the property belonged to? By the court: Who was in possession at the time you claim he made this statement to you that you was asking about, who was in possession of the land? Witness: He said he was. By the court: Where was he? Witness: He was on the home place out in the lot in front of the house, across in the orchard at the time we had the conversation, and he pointed over there and told me about this place, and if he had time he would go and show it to me before meeting time. That was one Sunday morning. Q. Who did you spend the night with? A. With Uncle Sam. Q. He was living there? A. He was there that night, and he claimed it as his home. . . At the time he made the statement to me, Sam claimed that he was in possession of the land. He was on the home place out in the lot in front of the house across in the orchard, at the time we had the conversation, and he pointed over there and told me about this place; that if he had time he would go and show it to me before meeting time.

That was one Sunday morning. I spent the night with Uncle Sam. He was there that night and claimed it as his home. I was his guest. He said that.fifty acres over there belonged to him individually, pointing back eastwardly from the place in the orchard where we were standing gathering some fruit that morning before meeting time. He said that the home place belonged to him and Mr. Reuben, and that they farmed there on halves;. that him and Mr. Reuben were halves in everything except one horse." The defendant objected to the admission of this testimony, on the ground that the evidence failed to show that Sam T. Jackson was in possession at the time he made the statement to the witness. The court overruled this objection.

8. Because one of the jurors that tried said case was unfair, biased, and partial and had made statements that he intended to find for the plaintiff, prior to the trial of said case. The evidence touching the disqualification of this juror was conflicting; and the evidence touching the character of the witnesses offered by the plaintiff in support of this ground was likewise conflicting.

The court overruled the motion for new trial, and the defendant excepted.

*M. U. Mooty, Smith & Taylor,* and *D. B. Whitaker,* for plaintiff in error.

*S. Holderness,* contra.