QUINTON *et al. v.* PECK.

No. 14359.   JANUARY 14, 1943.

*Gleason & Collins,* for plaintiffs. *J. M. C. Townsend* and *Mc-Clure, Hale & McClure,* for defendant.

REID, Chief Justice. ■ The first special ground of the motion for new trial complains because the court failed to charge the jury on the subject of tender. The petitioners alleged that they had made a tender to the defendant of the amounts which he had expended on the property in question. In his answer the defendant denied this allegation. On the trial the petitioners introduced evidence to prove the tender as alleged, and this proof was not controverted by the defendant. We do not think that the plaintiffs may complain of such omission to charge on tender, under these circumstances. As a condition precedent to their right to equitable relief, it was necessary that the petitioners prove a tender. But the charge, assuming as it did that the tender had been proved without controversy, was favorable to the plaintiffs, and they may not complain. There is no merit in the contention that the failure to charge on tender caused the jury to believe that if they by their verdict found for the plaintiffs, the defendant would lose the money which he had expended on the property.

■ Error is assigned on the following excerpt from the charge: "I charge you that you would not be authorized to presume fraud. Fraud must be proved, and the burden of proving it is upon the plaintiff, and that must be proved by a preponderance of the evidence. But fraud being in itself subtle, slight circumstances may be sufficient to carry conviction of its existence." The movants contend that this charge had the effect of limiting the jury, in their consideration of the question of fraud, to those acts of fraud which were proved by direct and positive testimony, and ruled out all circumstantial evidence. Apparently this contention is based upon the fact that the jury were instructed that they were not authorized to presume fraud. In the Code, § 37-706, it is declared: "Fraud may not be presumed, but, being in itself subtle, slight circumstances may be sufficient to carry conviction of its existence." Charges in the language of this section have been held proper. *Hoffer* v. *Gladden*, 75 *Ga.* 532 (2); *Kay* v. *Benson*, 152 *Ga.* 185 (2) (108 S. E. 779). The charge complained of states the substance of this section in a clear and concise manner, and is not subject to the objection urged. Movants rely strongly upon the case of *Causey* v. *Wiley*, 27 *Ga.* 444 (4), to support their contention that the charge was error. There it was held that a charge to the jury that "fraud is not to be presumed, but must be proved

by those alleging it," unexplained, is not a legal charge in a case in which there is evidence of facts and circumstances tending to prove fraud. It was pointed out in the decision that the error in the charge arose because it was so expressed as to give the jury the impression that the judge was of the opinion that there was no evidence of facts and circumstances tending to prove fraud, and not because it contained an erroneous statement of law. In the case at bar the charge under attack followed an extensive charge on the subject of fraud as applied to this case, and it was followed by a clear charge presenting the issue of fraud as raised by the evidence. It can not be said that the excerpt complained of had the effect of misleading the jury in the present case.

■ Ground 3 assigns error on the following portion of the charge: "You are made by law the exclusive judges as to the credibility of the witnesses. In passing upon their credibility you may consider all the facts and circumstances of the case, the witnesses' manner of testifying, their intelligence, their interest or want of interest, their bias or prejudice, if any exist, their means and opportunity for knowing the facts to which they testify, and the probability or improbability of their testimony, and of the occurrences to which they testify, and also their personal credibility so far as the same may legitimately appear to you from the trial of the case." There is no merit in the contentions that it was error because the jury were instructed that they might consider "all the facts and circumstances of the case" in passing upon the credibility of witnesses, and that it confused the preponderance of evidence rule with the credibility of witness rule. See Code, § 38-1805; *White* v. *State,* 147 *Ga.* 377 (94 S. E. 222).

■ The court did not err, as contended in ground 4, after having given in charge the rules with reference to the credibility of witnesses, in giving the following charge: "But the jury, as stated, are at last the sole and exclusive judges as to what witness or witnesses they will believe or disbelieve, and what testimony they will credit or discredit." Code, § 38-1805.

■ Ground 5 assigns error because the court refused to allow the plaintiffs' counsel to question the defendant, on cross-examination, with reference to a similar transaction had by the defendant with a named third person. The evidence sought to be adduced was clearly inadmissible. *Smith* v. *Adair,* 61 *Ga.* 281 (2);

304

*Merchants National Bank of Rome* v. *Greenwood,* 113 *Ga.* 306 (38 S. E. 826). The judge did not abuse his discretion in restraining counsel from proceeding along this line of cross-examination. See *Clifton* v. *State,* 187 *Ga.* 502, 508 (2 S. E. 2d, 102).

█ In the last ground error is assigned because the court refused to allow a witness for the plaintiffs to testify as to a conversation which she had had with Mrs. Peck, the wife of the defendant, in which Mrs. Peck made statements contradictory to her testimony upon the trial. It does not appear that a foundation for this evidence was laid, as provided for in the Code, § 38-1803; and therefore it was not admissible for the purpose of impeaching Mrs. Peck. It was not otherwise admissible because it was hearsay.

█ The evidence was in direct conflict on the issue of fraud; and the jury were authorized to find that the defendant was not guilty of fraud in the procurement of the warranty deed to the land in question. The general grounds of the motion are therefore without merit. *Judgment affirmed. All the Justices concur.*