## 31144. BYARS v. THE STATE.

MACINTYRE, J. 1. The indictment charged that the accused, Henry Byars, did "make, manufacture, and distill a quantity of distilled alcoholic and intoxicating liquors, spirits and alcohols, a portion of which was alcoholic, and which was the product of distillation." He was convicted. The conviction depended upon both his full and voluntary confession and upon circumstances tending to establish the corpus delicti. " 'The confession being direct evidence, the conviction did not depend exclusively upon circumstantial evidence; and therefore, in the absence of an appropriate request, it was not erroneous for the court to omit to charge the law of circumstantial evidence.' *Smith* v. *State,* 125 *Ga.* 296, 299 (54 S. E. 127). See also *McElroy* v. *State,* 125 *Ga.* 37, 40 (53 S. E. 759); *Owens* v. *State,* 120 *Ga.* 296, 299 (48 S. E. 21); *Eberhart* v. *State,* 47 *Ga.* 598, 609; *Cooner* v. *State,* 16 *Ga. App.* 540 (4) (85 S. E. 688). In the absence of a special request so to do, the court is not bound to charge § 1031 of the Penal Code of 1910, as to the weight to be given confessions. *Malone* v. *State,* 77 *Ga.* 767 (5); *Sellers* v. *State,* 99 *Ga.* 212 (25 S. E. 178); *Walker* v. *State,* 118 *Ga.* 34 (44 S. E. 850)." *Sutton* v. *State,* 17 *Ga. App.* 713 (88 S. E. 122). See also *Jester* v. *State,* 193 *Ga.* 202, 211 (3) (17 S. E. 2d, 736).

2. "To make a confession admissible, it must have been made voluntarily, without being induced by another, by the slightest hope of benefit or remotest fear of injury." Code, § 38-411.

3. "Whether a confession was freely and voluntarily made, when issuable, should be submitted to the jury for determination." *Hawkins* v. *State,* 6 *Ga. App.* 109 (64 S. E. 289).

728

<ol start="4">
<li>"A conviction may be lawfully had upon a free and voluntary confession, though the same be not otherwise corroborated than by proof of the corpus delicti." *Wimberly* v. *State*, 105 *Ga.* 188 (31 S. E. 162).</li>
<li>The defendant's counsel, in his argument to the jury, stated that the solicitor "tells you that a confession alone would not convict this man." The court, overlooking the fact that the solicitor-general had made an opening argument which was being quoted by the defendant's counsel, interrupted him and reminded him that the opinion of the solicitor did not decide the case, but that it would be decided by the jury's opinion and the law and the evidence. The defendant's counsel replied that he was quoting the solicitor, and the court replied that the solicitor had not made an argument. The solicitor interrupted to state to the court that he had made an argument and stated in his argument that a confession had to be corroborated by the corpus delicti or other evidence. In his closing argument, the solicitor repeated to the jury that, if the corpus delicti is established, that is sufficient corroboration of a confession, adding, "Gentlemen, I made that statement to you." It seems to us that the oversight of the court was corrected, and there was no reversible error.</li>
<li>The evidence authorized the jury to find the defendant guilty of the offense of "making liquor."</li>
</ol>

*Judgment affirmed. Broyles, C. J., and Gardner, J., concur.*

DECIDED APRIL 22, 1946.

*W. E. Watkins, Benjamin B. Garland,* for plaintiff in error.
*Frank B. Willingham, solicitor-general,* contra.