39426. ROGERS v. SAYE et al.

454

DECIDED JULY 13, 1962—REHEARING DENIED JULY 31, 1962.

*James Barrow,* for plaintiff in error.

*Erwin, Birchmore & Epting, Eugene A. Epting,* contra.

HALL, Judge. ■ With reference to the right to recover for ordinary negligence the court charged the jury that "Where a share-the-expense ride in a motor vehicle is prearranged by a legally enforceable agreement, such a situation makes the passenger a passenger for hire and not a guest, and requires ordinary care." The evidence did not authorize a finding that there was a prearrangement, either express or implied, of a duty on the part of the deceased to share the expenses of the fatal trip. There was no express promise to do so nor any facts from which an implied obligation could be inferred. Therefore, it was not harmful, as the plaintiff contends, for the court to fail to charge without request on the meaning of the terms "legally enforceable agreement resulting from an express contract" and "legally enforceable agreement resulting from an implied contract." The

trial court did not err in overruling grounds 4 and 5 of the motion for new trial.

■ There was admitted in evidence for the purpose of impeachment, a written statement of a witness who had given testimony at the trial inconsistent with the prior statement. The witness testified that he did not remember signing a written statement in regard to the accident; that he recognized his signature but did not write the statement or remember signing it, and did not know when it was signed; that the date appearing on the statement was two days after the accident occurred, when he was in the hospital with a broken back and neck injury and was not in a condition to write the statement; that he did not know who J. W. Kline, whose name appeared on the statement as a witness, was; that he remembered somebody coming to the hospital and asking him some questions, but did not know whether that person wrote the statement while sitting there; that his injuries were painful during the first few days after the accident and they gave him quite a few shots of sedatives.

Ground 6 of the motion for new trial complains of the court's failure to charge without request that the statement should be disregarded and not considered by the jury (a) if the jury should believe that the statements therein made had not been written or made at the time the witness signed the statement, or (b) if the jury should believe that the witness on account of drugs or pain or both lacked the capacity to give a correct account of the matters he had seen or heard at the time the statement was written and signed.

The plaintiff relies on *Holsenbake v. State,* 45 Ga. 43 (2), and *Phillips v. State,* 206 Ga. 418 (57 SE2d 555). These cases have no application to this case for the reason that they deal with alleged incriminatory admissions or confessions, both of which relate to parties in criminal cases, have testimonial value, and are used as substantive evidence. *Eberhardt v. State,* 47 Ga. 598; *Pressley v. State,* 201 Ga. 267 (39 SE2d 478); *Harris v. State,* 207 Ga. 287 (61 SE2d 135); accord *Dennis v. Weekes,* 46 Ga. 514; Green, Ga. Law of Evidence 355, § 246. The hearsay rule prevents a prior inconsistent statement of a non-party witness from being used as substantive evidence; it has no testi-

monial value and can only be used for the purpose of impeaching a witness. *Central R. & Bkg. Co. v. Maltsby,* 90 Ga. 630 (4), 632 (16 SE 953); *Quinton v. Peck,* 195 Ga. 299, 304 (24 SE2d 36); *Luke v. Cannon,* 4 Ga. App. 538 (4) (62 SE 110). Such a statement "shows, if nothing more, the frailty and unreliable character of his memory." *Bigham v. Coleman,* 71 Ga. 176, 194. The testimony brought out by the plaintiff, as to the witness' physical condition on the date of the alleged previous statement and his lack of memory of signing it, was for the purpose of explaining away the inconsistency in the witness' previous statement and rebutting its discrediting effect. *Cameron v. State,* 66 Ga. App. 414 (3) (18 SE2d 16); *Wynes v. State,* 182 Ga. 434 (3) (185 SE 711); *Bivins v. State,* 200 Ga. 729, 741 (38 SE2d 273); *Huff v. State,* 104 Ga. 521 (1) (30 SE 808); 3 Wigmore on Evidence 737, § 1044.

The law is basic in this State that, in the absence of a timely written request to charge the jury the law upon the subject of impeaching a witness by proof of contradictory statements, it is not error for the judge in his charge to omit all reference to this subject. *Martin & Sons v. Bank of Leesburg,* 137 Ga. 285 (2) (73 SE 387); *Huff v. State,* 104 Ga. 521 (6), supra; *Smith v. State,* 7 Ga. App. 710 (2) (67 SE 1048); *Hart v. State,* 14 Ga. App. 714 (82 SE 164); *Cole v. Byrd,* 83 Ga. 207 (3) (9 SE 613). In this case, the trial judge was not requested to make, and made no charge whatever on impeachment or with specific reference to the testimony of this witness. Ergo, he was under no duty, in the absence of a request, to charge the jury with respect to their obligation or right to disregard the witness' previous written statement if they should believe the evidence offered to explain the statement and rebut its discrediting effect. Such a charge would be merely an elaboration on the law of impeachment, i.e., the privilege of explaining away the discrediting effect of evidence offered to impeach a witness. *Wynes v. State,* supra.

We do not believe the case of *Dowdy v. Watson & Lewis,* 115 Ga. 42 (6) (41 SE 266), cited in the dissenting opinon, has any application to this case for the reason that it dealt solely with the question of whether a party was competent to take the wit-

ness stand and give direct evidence in his own behalf. It in no way relates to impeachment.

Furthermore, there "is a difference between issue and evidence, and the requirement that the judge shall instruct the jury as to all the issues raised does not impose on him the duty of singling out particular portions of the evidence and charging thereon." *Wrightsville & Tennille Railroad Co. v. Lattimore,* 118 Ga. 581 (6) (45 SE 453). To place on the trial judge the burden of finely sifting the evidence in a case to determine if there is some piece of evidence upon which the jury will be aided by a specific charge obviously would be highly impractical and unduly delay trials and the administration of justice. The law has never required this of trial judges, but has provided a means for assisting the jury in such matters through the request to charge, giving counsel the privilege and duty of singling out portions of the evidence upon which special charge is needed, and requiring the trial judge to charge the request when pertinent and correct.

The trial court did not err in overruling the motion for new trial.

*Judgment affirmed. All the Judges concur, except Felton, C. J., and Frankum, J., who dissent.*

FELTON, Chief Judge, dissenting. I concur in the ruling in Division 1 but dissent from the ruling in Division 2 and from the judgment of affirmance.

In my opinion the ruling by the majority is based on a total misconception of the issue involved in this case. I know that a charge on impeachment of witnesses must be requested for a failure to charge on it to be reversible error. I also know that impeaching testimony ordinarily cannot establish an affirmative fact and nobody is arguing to the contrary.

*The question here is not whether the statement signed by the witness is true or false, but whether it could be considered by the jury at all.* The question is whether he was in such a state of mental competency as to know, appreciate and consciously intend to make the statement. That is a question which the jury had to decide before it ever got to the question of the truth or falsity of the statement. The principle here involved has been

established by the Supreme Court of this State and I contend that the majority's effort to evade it is wholly irrelevant and illogical. In *Dowdy v. Watson,* supra, the Supreme Court of this State held: "If a witness has been declared competent by the court, and during the progress of the trial evidence should be introduced which would make his competency doubtful, the jury should be instructed to determine this question of fact, .and, if they should find that the witness is incompetent, not to consider his testimony on the points concerning which he was not competent to testify." In my opinion the above is analagous to the present situation. The majority says that there is no question of impeachment involved. It is true that there is no question of the impeachment of the truth of the witness' testimony, as is the case here, but there is a matter of impeachment involved and that is as to the question of the competency of the witness. *Goodson v. State,* 162 Ga. 178 (132 SE 899); *Jackson v. Lipham,* 158 Ga. 557 (4) (123 SE 887). In *Byars v. State,* 73 Ga. App. 727 (3) (38 SE2d 53) this court held that "whether a confession was freely and voluntarily made when issuable, should be submitted to the jury for determination." If the question arises with regard to dying declarations and similar questions I think the courts would follow the same rule. See *Swain v. State,* 149 Ga. 629 (4, 5) (101 SE 539); *Plummer v. State,* 200 Ga. 641 (3) (38 SE2d 411); *Holsenbake v. State,* 45 Ga. 43 (2), supra; *Phillips v. State,* 206 Ga. 418 (4c), supra; *Smith v. State,* 148 Ga. 332 (1, 2) (96 SE 632). Much ado is made by the majority that the evidence here involved is impeaching rather than substantive evidence. I fail to see what difference it makes what kind of evidence is involved so long as the main question is whether the jury can finally consider the evidence *at all,* whatever kind it is and whatever purpose it serves. I fail to see how any case cited by the majority sheds any light on the question involved. The kind of charge on impeachment which has to be requested is not in any way involved. I do not wish to prolong this dissent unnecessarily but let us examine the case of *Bivins v. State,* supra, cited by the majority. This case shows that a witness who had admitted that he had committed perjury at a coroner's inquest was en-

titled to explain his reason for doing so. There was no question whether any part of his testimony under certain circumstances could be considered at all by the jury. His credibility was the whole issue on this point. The other citations are no more applicable. Judge Frankum concurs in the dissent.