## 50874. LINGO v. THE STATE.

QUILLIAN, Judge.

Appellant was charged with and convicted · of aggravated assault by shooting John (Muddy Waters) Cook with his pistol. Appellant's version of the evening's events was that the victim picked her up around midnight and took her to a house where she "shot up some heroin" and then the victim took her to his house, pulled his gun out of his pocket, forced her into the bedroom, "assaulted" her, and made "love to her." He wouldn't let her out of the bedroom so she "reached over him and got the gun . . ." and "shot him." The victim's version of the incident bears little resemblance to the foregoing. He said that they had "an understanding." He picked her up in a bar. She said that "she was ill . . . she wanted some narcotics." He carried her to "the people's house and they went in and they gave them the works." He gave her the money to pay for it and then they went to his house. She asked for more money for another "fix" because "she blew her shot." Rough translation—she missed the vein with the needle. The victim refused to give her money for another "shot" or to take her to town again until the following morning. They went into the bedroom, "made love" and then went to sleep. He was awakened by the appellant shooting at him with his gun. He was shot in the side and the shoulder. The jury was properly charged on the issues and accepted the victim's version of the incident. Appellant appeals her conviction. *Held:*

1. The verdict is amply supported by the evidence. The general grounds for this appeal are without merit.

2. Appellant contends that the trial court erred in granting the motion of the district attorney to exclude any reference by defense counsel to a certain incident involving the victim, Muddy Waters, which may have shown that he had attacked or raped persons other than the defendant or may have disclosed that he had a reputation in the community as a rapist. Counsel was referring to a motion by the district attorney "to prevent the defense from referring to certain evidence or referring to certain arguments or asking the witness any question about the fact that . . . the victim, Muddy Waters Cook,

was arrested about two weeks ago on a warrant of rape . . . which occurred 17 years ago . . .." The prosecutrix came back one week later and "wanted to drop prosecution." The judge granted the motion and excluded the evidence and any reference to the incident in questioning of the victim. The manner, extent and scope of cross examination of a witness rests within the sound discretion of the judge, even when the questioning relates to similar misconduct involved in the instant case. *Aycock v. State,* 62 Ga. App. 812, 815 (10 SE2d 84); *Quinton v. Peck,* 195 Ga. 299 (5) (24 SE2d 36). We find no abuse of discretion where the incident occurred 17 years before trial and related only to the swearing out of a warrant as opposed to a conviction. *Beach v. State,* 138 Ga. 265 (75 SE 139); *Whitley v. State,* 188 Ga. 177, 179 (3 SE2d 588).

3. The last enumeration of error poses substantially the same error as that assigned in the previous division and must suffer the same fate.

*Judgment affirmed. Pannell, P. J., and Clark, J., concur.*

SUBMITTED JUNE 26, 1975 — DECIDED JULY 15, 1975.

*Beauchamp, Howell & Hedrick, William H. Hedrick,* for appellant.

*William S. Lee, District Attorney, Daniel Mac-Dougald, III, Assistant District Attorney,* for appellee.