THE RICHMOND AND DANVILLE RAILROAD Co. v. KERLER.

1. The admissions contained in a letter are to be scanned with care if they are susceptible of more than one construction, and if, in order to discover their true meaning, attention should be directed to the precise terms employed by the writer.
2. The evidence warranted the verdict.
   November 10, 1891.

Damages. Admissions. Before Judge VAN EPPS. City court of Atlanta. March term, 1891.

Reported in the decision.

JACKSON & JACKSON, for plaintiff in error.
W. T. MOYERS, by brief, contra.

SIMMONS, Justice.

The plaintiff sued the railroad company for $500, on account of damages to certain furniture shipped over its line, and obtained a verdict for $225. On the trial the defendant introduced in evidence, as an admission of the plaintiff as to the amount of damage, his letter to an agent of the defendant, setting forth his claim, in which he said, "$100 will not do more than cover the loss, and I hereby make claim for this amount." In regard to this testimony the court charged the jury as follows: " Admissions are to be scanned with care. If it appear to your satisfaction that the plaintiff made the statement or declaration which is contained in a letter introduced in evidence, you are to scan the same with care, giving to it such weight as you deem proper, taking into consideration the words and the circumstances under which they were written and all the facts and surrounding circumstances." This charge is excepted to as error.

We find no error in the instruction complained of. The general rule was correctly stated by the court. The language of the code is that "all admissions should be scanned with care" (§3792). Where more than one con-

struction of the statement is possible, this rule is especially applicable, and the jury should carefully consider the language used, and such facts and circumstances as may explain its true intent and meaning. Even if this were in terms a statement that $100 would cover the damage, it would not preclude the party making it from showing that he was mistaken, or anything else affecting its weight as an admission. The statement that "$100 will not do more than cover the loss, and I hereby make claim for that amount," is not necessarily an admission that $100 would cover the loss, even though such might be a reasonable construction. According to the testimony of the plaintiff, his damage was much greater than that amount, but his purpose in writing the letter was to fix upon that sum as an amount he would be willing to accept rather than be put to the difficulty, expense and delay of collecting his claim at law. The uncontradicted evidence, outside of this letter, was that the damage amounted to from $350 to $400. Under the evidence the charge of the court was proper, and the verdict should stand. See *Stewart* v. *DeLoach & Bro.*, 86 *Ga.* 729.              *Judgment affirmed.*