## REDD *v.* THE STATE.

*Simmons, C. J.*—1. When on a trial for murder the dying declarations of the deceased have been introduced against the accused, it is competent for the latter to impeach these declarations by showing that the deceased, because of general bad character, was unworthy of belief. *Nesbit v. The State*, 43 *Ga.* 239; 1 Bishop Crim. Proc. §§1209-1211; 3 Rice, Ev. (Crim.), §340; Wharton, Crim. Ev. §§298, 302; 6 Am. & Eng. Enc. Law, notes on pp. 131-133, and see *Battle v. The State*, 74 *Ga.* 101; State *v.* Thomason, 1 Jones (N. C.), 274; People *v.* Lawrence, 21 Cal. 368; Commonwealth *v.* Cooper, 81 Am. Dec. 762; Felder *v.* State, 59 Am. Rep. 777.

2. The good character of one on trial for crime, if satisfactorily proved, may of itself, in a case where guilt is not plainly established, be sufficient to generate in the minds of the jury a reasonable doubt of guilt. *Shropshire v. The State*, 81 *Ga.* 589.

3. The right to kill another in self-defense is not restricted to instances where the accused was put in actual danger of life or of the commission of a felony upon him by the deceased, but may be exercised when such danger is not actual, if the accused in good faith, under the fears of a reasonable man and under circumstances so authorizing, acted upon the belief that the danger was real.

4. The charge of the court was not entirely in accord with the law announced in the two preceding notes. *Judgment reversed.*

June 8, 1896. By two Justices.

Indictment for murder. Before Judge Butt. Muscogee superior court. November term, 1895.

*Albert A. Carson*, for plaintiff in error.

*J. M. Terrell, attorney-general*, and *S. P. Gilbert, solicitor-general*, contra.