### STEPHENS *v.* THE STATE.

LUMPKIN, P. J.   1. The charge excepted to on the ground that it amounted to an instruction that proof of the recent possession of stolen goods was sufficient to warrant a conviction of burglary was not open to this criticism.

2. As the testimony for the State was amply sufficient to show that a burglary had been committed, the ground of the motion for a new trial assigning error upon the court's omission to charge with respect to the offense of larceny from the house, because " the State's evidence did not show a complete breaking," was not well taken.

3. The evidence warranted the jury in finding that the accused was guilty of burglary, and the court did not abuse its discretion in denying him a new trial.

*Judgment affirmed.   All the Justices concurring.*

Argued January 21, — Decided January 25, 1901.

Indictment for burglary.   Before Judge Felton.   Bibb superior court.   December 27, 1900.

*John R. Cooper,* for plaintiff in error.
*Hope Polhill, solicitor-general,* contra.

---

### BARBER *v.* THE STATE.

LEWIS, J.   1. Where in a criminal trial there was evidence tending to prove the good character of the accused, and the judge omitted to charge the jury with respect to the law bearing on this subject before they had retired to consider of their verdict, it was neither erroneous nor prejudicial to the accused to recall them and supply the omission in the original instructions.

2. The charge which the court gave on the law relating to good character being in substance correct, the exception to the same, presenting the objection that it " was general and not specific as to the law of good character, and did not give to the jury the law in relation thereto," was itself defective, in that it failed to point out in what respect the charge was incomplete, or what it required to render it sufficiently full and specific.

3. The evidence warranted the conviction of the accused, and it does not appear that the court erred in refusing to grant a new trial.

*Judgment affirmed.   All the Justices concurring.*

Argued January 21, — Decided January 25, 1901.

Indictment for burglary.   Before Judge Reagan.   Butts superior court.   December 21, 1900.

*Y. A. Wright* and *B. P. Bailey,* for plaintiff in error.
*O. H. B. Bloodworth, solicitor-general,* contra.