## BOYNTON *v.* THE STATE.

FISH, J. 1. A ground of a motion for a new trial complaining that the court erred in refusing to rule out the "purported statement of the deceased, . . when moved to do so by counsel for defendant," is not a sufficient assignment of error, for the reason that it does not set forth such statement, either literally or in substance, and the ground upon which the motion to rule it out was made.

115 587
Case 3
116 852
115 587
Case 3
117 259
115 587
Case 3
121 358
115 587
Case 3
f129 93

2. There was no error in admitting in evidence the pistol, which the jury was authorized to infer from the evidence the deceased had at the time of the homicide.

3. Failure to instruct the jury as to the law applicable to the impeachment of witnesses, in the absence of a proper request to charge on that subject, is not cause for a new trial. *Louisville & Nashville R. Co.* v. *Thompson*, 113 *Ga.* 983 ; *Downing* v. *State*, 114 *Ga.* 30.

4. An exception that " the court's charge was not sufficiently clear in reference to the weight to be given to dying statements by juries " does not specify plainly the alleged error, in that it fails to point out in what respect the charge was not clear or accurate. *Barber* v. *State*, 112 *Ga.* 584 (2). The charge upon the subject of dying declarations appears, however, not to have been subject to the criticism made upon it.

5. Grounds of a motion for a new trial not approved by the trial judge can not be considered by the Supreme Court.

6. The evidence warranted the verdict, and there was no error in refusing to grant a new trial.

*Judgment affirmed.   All the Justices concurring, except Lewis, J., absent.*

Argued May 19, — Decided June 4, 1902.

Conviction of manslaughter.   Before Judge Candler.   Fulton superior court.   April 12, 1902.

*Aldine Chambers* and *W. W. Futrell*, for plaintiff in error.

*C. D. Hill, solicitor-general*, contra.