## SAVANNAH ELECTRIC COMPANY *v.* MULLIKIN.

1. When the court's charge respecting a certain issue involved in the case is substantially correct, mere lack of verbal precision, which could not have misled the jury, is not ground for a new trial.

2. Whether the injuries to the plaintiff were the result of his own negligence and failure to exercise due care and caution, or whether they were caused by alleged acts of negligence of the defendant company's servants, being a material subject of inquiry in the trial of the case, and there being a conflict in the testimony upon this issue, it was not error for the court to give the following charge to the jury: "If the plaintiff was a passenger upon a car of the defendant company, and you find that the plaintiff was then and there exercising ordinary care for his own safety, and that while so exercising such care [he] was preparing to alight from the car, and you find that such preparation to alight, under all the circumstances and in the manner shown by the evidence, was not negligence or carelessness on the part of the defendant [plaintiff], and you further find that the motorman suddenly stopped the car in such a manner that it then and there threw the plaintiff to the ground, and that such stopping of the car was negligence on the part of the motorman, and the plaintiff was thereby injured as charged in his petition, and that the plaintiff was during all the time in the exercise of ordinary care and caution for his own safety, the defendant would be liable to the plaintiff."

3. It does not appear that the court in its general charge failed to give appropriate instructions as to the material issues of the case; and if

fuller instructions were desired as to any particular theory or conten-
tion of the defendant, a written request therefor should have been made.

Submitted June 11,—Decided November 13, 1906.

Action for damages.  Before Judge Cann.  Chatham superior
court.  August 16, 1905.

Mullikin brought his action to recover for a personal injury, al-
leging, that at the time of the injury he was a passenger on a car
of defendant company; that while seated on said car, the overhead
trolley-wire parted, causing flashes of electricity to play around the
car and to frighten the passengers thereon: that the motorman in
charge of said car cried out for all persons to leave the car, and
thereupon plaintiff proceeded to the side of said car for the pur-
pose of alighting, but just as he stepped upon the running-board or
step, the car came to a sudden and violent stop, and he was thrown
forward into the street, thereby sustaining various bodily injuries.
Defendant denied the material allegations of the petition, and al-
leged that plaintiff's injuries were caused by his own negligence,
and were not due to any negligence on the part of defendant.  The
jury found for the plaintiff the sum of $300, and defendant moved
for a new trial, and the same having been denied, excepted, and
assigns error upon the overruling of the motion.

*Osborne & Lawrence,* for plaintiff in error.

*Twiggs & Oliver,* contra.

BECK, J.  (After stating the foregoing facts.)

1. The first ground of the amended motion is an attack upon the
following portion of the court's charge to the jury: "Because the
court charged the jury as follows:  'The plaintiff can not recover
if the company shall make it appear to the satisfaction of the jury
that its employees exercised extraordinary care and diligence.'"
The motion complains that this is error, "in that it required the
company, in order to defeat a recovery, to show to the satisfaction
of the jury, instead of by a preponderance of evidence, that its em-
ployees exercised extraordinary care and diligence."  But this ex-
ception fails to show any substantial error in that part of the
charge complained of.  The instruction amounted to nothing
more than informing the jury that the plaintiff could not recover
if they should believe from the evidence that the company's em-
ployees had exercised the requisite care and diligence.  Car Coup-

ling Co. *v.* League, 25 Col. 129; Kenyon *v.* City of Mondovi, 98 Wis. 50. And even if there be a lack of verbal precision in the use of the expression "to the satisfaction of the jury," it could have had no harmful effect upon their minds, in view of the fact that the court had already said to the jury that their "finding upon the issues raised must be determined according to where you find the preponderance of the testimony lies;" and had followed the part of the charge last quoted with a complete and correct definition of the expression "preponderance of testimony." One must indeed be on an eager quest for error to discover cause for granting a new trial in an instruction as nearly accurate as that part of the charge complained of in this ground of the motion.

2. The next ground of the motion contends that the trial judge erred in the following charge, "If the plaintiff was a passenger upon a car of the defendant company, and you find that the plaintiff was then and there exercising ordinary care for his own safety, and that while exercising such care [he] was preparing to alight from the car, and you find that such preparation to alight, under all the circumstances and in the manner shown by the evidence, was not negligence or carelessness upon the part of the defendant, and you further find that the motorman suddenly stopped the car in such manner that it then and there threw the plaintiff to the ground, and that such stopping of the car was negligence on the part of the motorman, and the plaintiff was thereby injured as charged in his petition, and that the plaintiff was during all the time in the exercise of ordinary care and caution for his own safety, the defendant would be liable to the plaintiff." Nothing in the excerpt just quoted authorizes the criticism that it was error "because (in view of the fact that the car was not stopping at a place where passengers ordinarily alighted and there were no special circumstances to put the motorman on notice that the plaintiff was going to alight) the sudden stopping of the car by the motorman could not be negligence unless the motorman knew that the plaintiff was alighting;" nor "because it authorized the plaintiff to recover, although he might have avoided the injury by the exercise of ordinary care;" nor "because the facts did not authorize such a charge." And if there were any doubt on our minds as to the correctness of the conclusions announced in regard to the charge just quoted, it would be removed upon considering that, in immediate

connection therewith, the jury had been told that in determining whether the plaintiff and the motorman on the defendant's car had exercised appropriate care, they should decide the question in the light of the surroundings, and circumstances which surrounded them, at the time of the occurrence under consideration, "applying to the motorman and to the plaintiff the respective degrees of care about which the court has already charged you."

3. We are asked also to reverse the judgment of the court below "because the court failed to charge the jury that in a case of emergency the conduct of the parties is not to be measured by the things which a man should do under ordinary circumstances, but it is to be measured by the conduct of a very careful man acting under the pressure of an emergency." Even if the request contained a sound proposition of law the court's failure to so charge the same, in the absence of a written request, is not error, especially as he had already cautioned the jury, as hereinbefore pointed out, that in passing upon the questions as to whether the motorman and the plaintiff had exercised the respective degrees of care appropriate to each, they should judge them in the light of the surroundings and circumstances, as made to appear by the evidence to have existed at the time of the occurrence which resulted in the injuries to plaintiff complained of in his suit.

*Judgment affirmed. All the Justices concur.*