*C. A. Glawson, John P. Ross,* for plaintiff in error.

*C. H. Hall Jr.,* contra.

---

2117.   LIBERTY FRUIT PRODUCTS CO. *v.* MALOOF.

The jury were properly instructed by the court, and the evidence authorized
the inference that the agent who sold the goods was authorized to collect
therefor.     There was, therefore, no error in refusing a new trial.

DECIDED SEPTEMBER 6, 1910.

Appeal: from Fulton superior court—Judge Ellis. May 13, 1909.

*T. O. Hathcock, Anderson, Felder, Rountree & Wilson,* for plaintiff. *Moore & Branch,* for defendant.

RUSSELL, J. The Liberty Fruit Products Company brought a suit against S. Maloof, to recover the purchase-price of certain kegs of cider. The defendant pleaded payment, and set up, that at the solicitation of an unknown man who came to him, he bought $60 worth of cider; that shortly after the cider was delivered, the same man came and presented a bill and requested him to pay the bill, offering to discount it at 10 per cent. for cash, and that he paid him the amount of the bill, less the discount. The plea also set up that the defendant is an ignorant man and a foreigner who could neither read nor write the English language. He pleaded also that he dealt with the person who sold him the cider, and to whom he paid the money, as the owner of the goods. There was also a plea of failure of consideration, and the defendant testified that the cider had soured and was worthless. Exceptions taken to the charge of the court are all based upon the idea that the court should not have instructed the jury that if the agent had authority to collect for his principal, the principal would be bound by the payment made to him.

It is well settled, of course, that a mere salesman clothed only with the authority to take orders is not, by reason of that fact, authorized to collect accounts for his principal, but it is equally well settled that the principal is bound by collections made in his behalf by a general agent clothed with authority to collect. Although one of the plaintiffs testified by interrogatories that Huddleston, who sold the cider, had no authority to collect, we think the circumstantial evidence in behalf of the defendant was sufficient to rebut this testimony, if the jury saw proper, as they evidently did, to prefer it to the testimony for the plaintiff. It is undisputed that Huddleston presented to the defendant an account for the identical cider which he had sold, written upon a printed bill-head of the plaintiff; and we think the jury were authorized to infer from this that the account had been sent by the plaintiff to Huddleton for collection; and the lapse of time before the plaintiff insisted upon payment from the defendant confirms the suggestion that it did not disavow Huddleston's authority until after

his disappearance with the money. Furthermore, the verdict can be sustained upon the proof in support of the plea of failure of consideration, and is likewise sustainable upon the ground that the evidence shows that this foreigner, who could not read or write English, and did not know the salesman or whom he represented, and was not informed in regard to it, dealt with the salesman as the agent of an undisclosed principal and as if he were the owner. Upon any one of these grounds we think the judgment refusing a new trial was fully authorized.　　　　　*Judgment affirmed.*