## MARTIN & SONS *v.* BANK OF LEESBURG.

1. It is not error requiring a new trial for the court to charge the jury, in a civil case, "Now in the outset the burden rests with the plaintiff to establish the plaintiff's allegations; the burden is on the plaintiff to establish that to the reasonable satisfaction of the jury," where the court has correctly given the jury in charge the general law as to the preponderance of testimony, and no request is made of the court to qualify the language objected to.

2. Nor is the failure to charge the jury relative to the impeachment of witnesses error, in the absence of a request to so charge.

3. Where the court, in the general charge to the jury, has fully and accurately given the law and covered the issues in the case, it is not error to fail to give any additional charge to the jury, especially in the absence of a request for an additional charge.

4. Where suit was brought for money had and received by a bank, which by its answer denied receiving the deposit the amount of which was sought to be recovered by the suit, it was not error for the court to allow a witness testifying as an expert, over objection of plaintiff's counsel, to testify: "This nine-hundred-dollar ticket [referring to the certificate of deposit for nine hundred dollars introduced by plaintiff] was evidently traced from a paper already written; it was not made at the first writing," the contention of the defendant being that the alleged certificate of deposit was a forgery.

5. There was no error in ruling out the testimony referred to in the 5th division of the opinion.

6. A witness who has examined a record for the purpose of showing the absence of a certain entry therein is competent to testify to the absence of such entry.

(*a*)  And the absence of an entry on the books of the bank has evidential value as tending to show that no deposit was made, where the cashier of the bank has testified that deposit slips were always entered on the books of the bank on the day the deposit and slip were made.

7. Where the competency of certain jurors who participated in the verdict is attacked on the ground that they had formed and expressed an opinion on the merits of the case, prejudicial to the plaintiffs, which was unknown to the plaintiffs and their attorneys until after the verdict was rendered, it is no abuse of discretion for the court to hold said jurors competent, where the evidence on that point is conflicting.

8. A trial court is vested by law with a discretion in granting new trials; and where no errors of law appear, and the evidence on the questions of fact involved in the case is conflicting, the trial court must exercise his discretion in passing on the evidence under the motion for a new trial; and this court will not disturb such exercise of discretion, unless it is contrary to law.

DECEMBER 15, 1911.

Action for money had and received.  Before Judge Littlejohn. Lee superior court.  July 19, 1911.

*J. W. Walters, Shipp & Sheppard,* and *W. G. Martin,* for plaintiffs.

*Hardeman, Jones, Callaway & Johnston* and *H. L. Long,* for defendant.

HILL, J.  E. B. Martin & Sons brought suit in Lee superior court, against the Bank of Leesburg, to recover the principal sum of $900 and interest at seven per cent. thereon from the 20th day of October, 1909, which amount the plaintiffs claimed to have deposited with the defendant during its banking hours on the above-named date, taking its certificate of deposit therefor.  They averred various demands for the money, and refusal of the defendant to pay the same; and they also sought to recover the sum of $300 of defendant, as counsel fees, because of the stubborn litigiousness of the defendant in refusing to pay the sum of $900 when often requested. The defendant, by its answer and cross-petition, admitted that it refused to pay the amount claimed by the plaintiffs, but denied that demands had been made upon it as stated; and alleged: that the certificate of deposit sued on was never executed by it or by any person by it authorized to do so; that no such deposit as alleged was made by plaintiffs with defendant; and that plaintiffs were in-

debted to defendant in the sum of $170.68, on account of over-drafts by plaintiffs on defendant. The jury trying the case, under the charge of the court, found a verdict for the defendant, also in favor of the defendant for $170.68 as principal, besides interest on the same at seven per cent., from December 13th, 1909. A motion for a new trial, on various grounds, was overruled by the court, and the plaintiffs excepted.

1.  The third ground of the amended motion for a new trial alleges error in the following charge of the court to the jury: "Now in the outset the burden rests with the plaintiff to establish the plaintiff's allegations; the burden is on the plaintiff to establish that to the reasonable satisfaction of the jury." This charge is objected to on the ground that it puts a greater burden on the plaintiffs than is placed by the law. It is insisted that the law does not require the plaintiff to establish the truth of his allegations to the "reasonable satisfaction of the jury," but only by a preponderance of the evidence, and for the further reason that this charge makes the individual mind of the juror the standard, rather than "a reasonable and impartial" mind. While technically inaccurate, perhaps, when taken by itself, yet, when considered in connection with the main charge on this subject, we can not say that the charge complained of was reversible error. In the case of *Gunn* v. *Harris,* 88 *Ga.* 39 (14 S. E. 593), it was held that where the court had charged the jury that "the burden is upon the plaintiff to make out his case to your satisfaction by proper testimony, before he can ask the jury to give him a verdict," the omission to charge, in the absence of a special request, the general doctrine as to the preponderance of evidence, was not error. See also *Pusser* v. *Thompson,* 132 *Ga.* 280 (64 S. E. 75, 22 L. R. A. (N. S.) 571).

The fourth assignment of error is substantially the same as that offered in the third ground of the motion, namely, that the judge erred in charging the jury that "In the outset the burden rests upon the plaintiff to establish the plaintiff's allegations, the truth of the allegations made; the burden is on the plaintiff to establish that to the reasonable satisfaction of the jury," etc. The plaintiffs in error insist that this charge places a greater burden on the plaintiff than the law authorizes, namely, to prove the contention of plaintiff to the "reasonable satisfaction of the jury," when the law only requires the plaintiff to establish his case by a preponderance of the testimony. We think that, taking the charge as a whole,

.the language complained of was not calculated to mislead the jury on that subject. The court had charged the jury that if they should find a conflict in the testimony, so that they could not reconcile it and make all the witnesses speak the truth, then what was known as the preponderance of evidence should control them in making their verdict; and on the question of preponderance of testimony he further charged them: "A preponderance of evidence, gentlemen, is simply the superior weight of evidence, gentlemen, is simply that superior weight of evidence that leads or inclines the mind of the jury to accept and believe one side of an issue in preference to the other. It is not required that that superior weight should be sufficient to satisfy your minds beyond a reasonable doubt, but that superior weight that leads you or inclines you to accept one side as the truth instead of the other," etc. Taken all together, we think the charge as given was a correct statement of the rule as to the preponderance of testimony. See *Savannah Electric Co.* v. *Mullikin,* 126 *Ga.* 724 (55 S. E. 945). Nor do we think the court's charge as to the shifting of the burden of proof was error.

2. Failure to charge the jury the law as to the impeachment of witnesses is not error, in the absence of a request so to charge. No such request appears in this case. *Brown* v. *McBride,* 129 *Ga.* 93 (7), (58 S. E. 702) ; *Boynton* v. *State,* 115 *Ga.* 587 (3), 588 (41 S. E. 995).

3. No errors appear in the charge of the court, and failures to charge, as set out in the remaining grounds of the motion for a new trial; especially in view of the certificate .of the trial judge, which recites that no request was made to charge on the subject referred to. Taken as a whole, the charge submitted the issues involved to the jury fully and accurately; and if any additional charge was desired by the plaintiffs in error, a request therefor should have been made of the court.

4. It was not error for the court to allow a witness testifying as an expert, over objection of the plaintiffs' counsel, to testify, "This nine-hundred-dollar ticket [referring to the certificate of deposit for $900 introduced by plaintiffs] was evidently traced from a paper already written; it was not made at the first writing."

5. There is no merit in the contention that the court erred in ruling out the following answer of the witness M. M. Martin, while on the stand, who was presented with a memorandum book, and,

referring to the book, said: "This other book presented is a little memorandum that I kept in my safe. I kept this one myself; I put this nine-hundred-dollar entry in it the evening I sent that deposit over there." *Doster* v. *Brown, 25 Ga.* 24, 25 (71 Am. D. 153).

6. Movants assign error in the court allowing defendant to prove by T. F. Heminger, a witness, the following: "I did not find on the books any entry of the nine hundred dollars deposited October 20th, made by E. B. Martin & Sons; there was no record on the books [meaning the books of the Bank of Leesburg] whatever of that deposit, and I found no deposit ticket of that amount to E. B. Martin & Sons." Movants contend that this testimony is incompetent, because it shows negatively a want of an entry on the books of defendant in order to prove that no deposit had been made in the bank. We do not think there is merit in this contention. One way to show the absence of an entry in a record is for some one who has examined the record to testify to the absence of such entry. Nor is it necessary, in order for witnesses to so testify, that they have exclusive possession of the records about which they testify. Any person who has read or examined the record would be a competent witness, if not otherwise disqualified. And testimony of this kind has been held admissible by this court a number of times. *Hines* v. *Johnston, 95 Ga.* 629 (3), 644 (23 S. E. 470); *Daniel* v. *Braswell, 113 Ga.* 373 (38 S. E. 829); *Jordan* v. *State, 127 Ga.* 278 (2), (56 S. E. 422). Nor is it open to objection as having no evidential value to the effect that the deposit had not been made, taken in connection with what the assistant cashier had testified, namely, that no deposit had been made as alleged, and the cashier's testimony that the deposit slips were always entered upon the books of the bank the same day they came in; the testimony being admissible as tending to show that the deposit had not been made as contended.

7. The 15th ground of the motion alleges that a new trial should be granted because B. E. Fouché and J. W. Fouché, two of the twelve jurors who tried this case in the court below and rendered their verdict therein, were incompetent jurors, because they and each of them, prior to the trial and during the trial, had formed and expressed an opinion on the merits of the case, prejudicial to the plaintiffs, which was unknown to the plaintiffs and their at-

torneys until after the verdict had been rendered. There are affidavits pro and con as to the competency of the jurors named, and for the reasons set forth. As the evidence was conflicting on this point, and the trial judge decided in favor of the competency of the jurors, we can not say that he abused his discretion in so doing.

8. One ground of error remains to be considered. It is not specifically set forth in the motion itself, nor indeed could it well be, as the ground of error alleged is on the order of the court overruling the motion for a new trial, and arose after the motion was argued and submitted. Counsel for plaintiff in error insist in their brief, as they did in the oral argument before this court, that the order of the court overruling the motion for a new trial does not show that the trial judge has approved the verdict in this case by the exercise of the discretion vested in him by law. The order of the trial judge overruling the motion is as follows: "After consideration of the record in this case, I am of the opinion that none of the grounds of the amendment to the motion called for the grant of a new trial; and as far as the facts are concerned, I feel that is a question I can not interfere with in this case, but the same is one peculiarly for the jury. I have for years known the witnesses on both sides of the material facts, and should have without hesitation or question accepted any statement made by either of them to me. Therefore the motion is hereby overruled and a new trial denied." It is insisted that the use of the language by the trial judge, quoted above, is evidence of the fact that he did not exercise the discretion vested in him by law. The law is plain that a judge of the superior court shall have power to correct errors and grant new trials. Civil Code (1910), §§ 6078-6079, 6088. In passing upon motions for a new trial a judge must exercise his discretion, and not fail to exercise it upon questions of fact simply because the jury has passed upon the same. Whether the judge erred in this case by reason of the language used depends upon what he meant when he said in his order: "as far as the facts are concerned, I feel that is a question I can not interfere with in this case, but the same is one peculiarly for the jury." If the language quoted meant that the judge did not have the power or authority to grant a new trial, then it would be error; but if the court meant that inasmuch as the evidence was conflicting and the jury had found the issues of fact in favor of the defendant, he *would* exercise his dis-

cretion in such matter by not disturbing their verdict and granting a new trial, then we hold that there was no error committed. We are inclined to take the latter view. We must presume that the trial judge knew the rule as to the necessity of exercising his discretion, and that he did exercise it; and while the language attributed to him is susceptible of the construction placed upon it by the plaintiffs in error, we can not assume, in the absence of positive evidence to the contrary, that the judge knowingly declined to exercise his discretion. We hold that he did exercise his discretion. One other remark with reference to the order overruling the motion for a new trial. The question was raised here after the order had left the hands of the court, and he had no opportunity to explain, by note or otherwise, what he did mean; but giving the language that interpretation which we think it deserves, we must .conclude that there was no intention to evade the exercise of a sound legal discretion in passing on the motion for a new trial. *City of Atlanta* v. *Brown,* 73 *Ga.* 633.

We have read and considered the record in this case carefully; and as we discover no errors of law in any of the grounds of the motion requiring a new trial, and the evidence being amply sufficient to sustain the verdict, and the trial judge being satisfied therewith, we conclude that the judgment of the court below must be                              *Affirmed.    All the Justices concur.*