## JONES *v.* THE STATE.

1. Where a female witness is hesitant to testify concerning a matter of delicacy, which is relevant to the case, it is not error for the court to admonish her to answer the question, however unpleasant it may be to her.
2. The evidence supports the verdict.

MAY 14, 1912.

Indictment for rape. Before Judge Daniel. Upson superior court. February 13, 1912.

*W. Y. Allen* and *Hugh Thurston,* for plaintiff in error.

*T. S. Felder, attorney-general,* and *J. W. Wise, solicitor-general,* contra.

EVANS, P. J. 1. The accused was convicted of the offense of rape, and recommended to mercy. The prosecution submitted testimony to the effect that the accused sent a message to the female upon whom the assault was alleged to have been committed, requesting her to come to his home for a letter from her uncle which his wife had brought from Columbus. She appeared at the house of the accused in response to his summons, where she found him alone, and he had carnal knowledge of her forcibly and against her will. She was eighteen years of age, and had little use of her right arm, as a result of an illness when an infant. She returned to her home crying, and immediately reported to her mother what had happened.

When the mother was testifying as a witness, on the cross-examination she was asked the result of the examination of the person of her daughter. The court said to her: "Tell those gentlemen [meaning the jury] all about it, no matter how unpleasant; just tell what her condition was when you found it." Exception is taken to this remark of the court. There is no direct statement in the record that the remark was addressed to the witness when she was apparently loath to discuss the subject-matter of the in-

quiry; but the nature of the question, and the whole environment of the trial indirectly, though surely, indicate that the court's remark was made at a time when the witness shrank from the ordeal of publicly stating facts of such delicacy, and so trying to virtuous modesty. We find nothing in the remark prejudicial to the accused. The court was simply admonishing the witness of her duty to answer a relevant question.

2. The testimony was sufficient to authorize the verdict.

*Judgment affirmed. All the Justices concur.*