## 22843. BOTTOMS *v.* THE STATE.

Decided April 5, 1933.

*C. A. Byars, J. W. Culpepper*, for plaintiff in error.

*E. M. Owen*, solicitor-general, *W. H. Connor*, solicitor-general, *R. C. Johnson*, contra.

GUERRY, J. The indictment charged that Bryant Bottoms murdered J. B. Wood. He was convicted of voluntary manslaughter,

and he assigns error on the overruling of his motion for a new trial. The circumstances of the homicide, as shown by an abundance of evidence, are as follows: Wood, an officer, was in his automobile on Sunday morning, in front of Mr. Scott's store in Williamson, Georgia. "Bryant Bottoms drove up and parked his automobile within 15 or 20 feet of Mr. Wood, and got out and walked directly to the car where Mr. Wood was." He put his foot on the running-board of Mr. Wood's car, and said to Mr. Wood, "Somebody has told some damned lies." Wood got out of his car. There was then some discussion about a negro, and Wood told Bryant [Bottoms] " 'that he was drinking, to go home and sober up, and bring this negro up there . . and get that matter settled.' . . And he went on to say that that wasn't what Bryant came for, that he came up there to bring up the election and bluff him. And Bryant told Mr. Wood, 'I am not afraid of you, and you can't scare me.' And Mr. Wood told Bryant, 'I am not scared of you either.' Bryant said, 'You don't see me shaking, by God; damn you, you are.' And that is when Mr. Wood slapped him. . . And as he did, Bryant Bottoms reached back, drew his pistol, and shot him twice." The deceased, being an officer, had a pistol; and yet, according to the undisputed evidence, he never drew it out during the entire diffi-. culty. After the defendant had been disarmed and after the deceased had been shot, he did knock the defendant down several times, but used only his hands. The undisputed evidence also showed that the defendant "was drinking." Numerous witnesses testified that the deceased tried to get the defendant to go home and sober up, and then take up the discussion after he was sober. The foregoing does not purport to be all the evidence, but it is sufficient for the purposes of this opinion. Summing up, there was abundant evidence to authorize the jury to conclude that the defendant fortified his courage with liquor, armed himself with a pistol, came to the deceased and provoked the difficulty by insulting him in such a way as to force the deceased to resent it, and that when deceased did resent it by slapping defendant with his open hand, the defendant, instead of retaliating with similar force, shot him twice, which shooting resulted in his death. The defendant made no attempt to explain why he had the pistol, or to deny that he was drinking. The general grounds of the motion for a new trial show no cause for a reversal.

Two special grounds of the motion complain of the following excerpts from the charge: "If you say that, situated and circumstanced and surrounded as he was at the time, there existed a danger, either real or apparent, that he would have an injury inflicted upon him amounting to less than the loss of his life or a felonious injury—a trespass or misdemeanor of any sort, and under these circumstances, and to prevent the inflicting of such injury, and acting under the influence of such a reasonable fear, he shot and killed the deceased, the killing would be voluntary manslaughter." "Now you take all the evidence, everything that appears in proof, including what the defendant may have said, if anything, with reference to it, and you see how the accused was situated, circumstanced, and surrounded at the time; and if you say, so situated and circumstanced, the conditions existing were sufficient to excite in his mind, as a reasonable fear either that his life was in danger or that he was in danger of having a felonious injury inflicted upon him, an injury that would have amounted to a felony, and under these circumstances he shot and killed the deceased, he would be justifiable. If you say that, situated, circumstanced, and surrounded as he was at the time, there existed a danger, whether real or apparent, that he would have an injury inflicted upon him amounting to less than the loss of his life or a felonious injury,— a trespass or misdemeanor of any sort, and under these circumstances, and to prevent the infliction of such injury, and acting under the influence of such a reasonable fear, he shot and killed the deceased, the killing would be voluntary manslaughter." "If you find that, situated and conditioned as he was at the time, the circumstances were sufficient to arouse in his mind, as a reasonable man, a reasonable fear that he was in danger of losing his life, or having a felonious injury inflicted upon him, and under these circumstances he shot and killed the deceased, he would be justifiable." It is insisted, in substance, that these instructions deprived the defendant of his defense of justifiable homicide, did not properly instruct the jury as to his acting under the fears of a reasonable man, and mingled and confused the law of voluntary manslaughter and that of justifiable homicide.

We have carefully considered these excerpts from the charge and the charge as a whole; and we do not think that the charge gave the jury a misconception of the law applicable to the case, or mis-

led or confused them in any way. The court charged the law as to justifiable homicide, followed it by a charge on reasonable fear as set out in the Penal Code, and then explained more fully the law relative to reasonable fear as applicable to this case. It is often true that a portion of a charge, when isolated, would appear inaccurate, but when read in connection with the context the apparent inaccuracy would be rendered wholly innocuous. The logical meaning of the court's charge in this respect, when considered in connection with the entire charge, was that if the facts and the circumstances of the accused at the time were such as to excite the fears of a reasonable man that his life was in danger or a felonious assault was being made upon him, and he shot and killed the deceased under such fears, the killing would be justifiable homicide; if the facts and circumstances were such only as to excite the fears of a reasonable man that some bodily harm, less than the loss of life or a felonious injury, was imminent and impending, the killing would be voluntary manslaughter. This is substantially correct; and "When the court's charge respecting a certain issue involved in the case is substantially correct, mere lack of verbal precision, which could not have misled the jury, is not ground for a new trial." *Savannah Electric Co.* v. *Mullikin,* 126 *Ga.* 722 (55 S. E. 945); *Futch* v. *State,* 137 *Ga.* 75 (2) (72 S. E. 911). Considered in its entirety, the charge of the court fairly presented the law of the case. The evidence authorized the verdict, and the judge did not err in overruling the motion for a new trial.

*Judgment affirmed.* *Broyles, C. J., and MacIntyre, J., concur.*