25878. EDWARDS *v.* THE STATE.

MacIntyre, J. 1. "Where witnesses have been separated at request of counsel, a person not sworn and sequestered, but who has remained in the court-room and heard the testimony in the case, is still competent to testify as a witness in the cause. If he has been purposely kept in the court-room in disobedience of the orders of the court, with knowledge of the fact that he was to be used as a witness, the fact that he has heard the testimony goes to his credit, and the court may punish either the party who caused him to remain in the court-room or the witness himself, or both, according to the circumstances, for contempt of court; but it is error to refuse to allow him to testify, unless the party offering him has expressly waived the right to use the witness." *Thomas* v. *State*, 7 *Ga. App.* 615 (67 S. E. 707).

2. The wife of the prosecutor was not barred from testifying in this case, on the ground that she was testifying for or against her husband, because her husband was not being tried at that time for any offense. He had not even been indicted.

3. In examining the prosecutor, the defendant's counsel asked if he had ever had intercourse with any other woman except his wife, and the solicitor-general objected on the ground that the question was irrelevant and immaterial and tended to hold the witness open to embarrassment and public ridicule. *Held*, that the court properly sustained the objection.

4. Where, in an argument by counsel as to the relevancy of certain testi-

188

mony, counsel for the movant made the remark that he wanted to show that a certain witness "had women on the brain," the judge in jest remarked that "all men have women on the brain," and where the judge instructed the jury to disregard that statement by him as he had said it merely in jest, even if the remark was error, the judge's withdrawal of it made it harmless.

5. "The credibility of a witness is exclusively for determination by the jury; and although a witness may have been successfully impeached, it is left to the discretion of the jury to decide whether his testimony has been corroborated; and while it would be their duty to disregard entirely the testimony of an impeached witness, unless corroborated, yet they have the right to believe the evidence of a witness, notwithstanding the impeachment, and in the absence, of any corroboration. Section 5884 of the Civil Code (1910) is not intended as an abridgment of the absolute right of the jury to determine as to the credibility of witnesses." *Brown* v. *State*, 10 *Ga. App.* 50 (2) (72 S. E. 537); *Solomon* v. *State*, 10 *Ga. App.* 469 (3) (73 S. E. 623).

6. The court charged the jury: "If you reach the conclusion that the defendant is not guilty of the offense of assault with intent to murder, but if you are satisfied.by the evidence in this case beyond a reasonable doubt that the defendant, in the County of Morgan in the month of December, 1935, cut Moses Hester without justification *or under principles of justification as defined by the law*, why then under those circumstances you would be authorized to convict the defendant of stabbing, and the form of your verdict would be, 'We, the jury, find the defendant guilty of stabbing.'" (Italics ours.) The plaintiff excepted on the ground that "by this charge the jury were told that they should convict the defendant if they believed she cut Moses Hester [and she admitted she did] whether she was or was not justified in so doing." This charge was immediately followed by the further charge: "If, under the law, Moses Hester was manifestly intending or endeavoring to have sexual intercourse with the defendant forcibly and against her will, and if he knocked her down upon that occasion, she would be justifiable, and you would not be authorized to find the defendant guilty of any offense; and the form of your verdict would be, 'We, the jury, find the defendant not guilty." Mere lack of verbal precision in the italicized portion of the above charge we do not think could have misled the jury, and therefore it was not error requiring a new trial. *Savannah Electric Co.* v. *Mullikin*, 126 *Ga.* 722 (55 S. E. 945). *Rogers* v. *Bennett*, 19 *Ga. App.* 520 (91 S. E. 917).

7. While the indictment was for an assault with intent to murder, the evidence authorized the verdict of stabbing.

*Judgment affirmed. Broyles, C. J., and Guerry, J. concur.*

DECIDED FEBRUARY 2, 1937.

*Emerson H. George,* for plaintiff in error.
*C. S. Baldwin Jr.,* solicitor-general, contra.