## 27529. JONES *v.* THE STATE.

DECIDED OCTOBER 26, 1939.

*George G. Finch,* for plaintiff in error.

Bond Almand, solicitor, John A. Boykin, solicitor-general, J. W. LeCraw, contra.

MacINTYRE, J.   W. H. Jones was convicted of maintaining a lewd house.  He filed a petition for certiorari, which was overruled, to which ruling he excepted.  He argues only the overruling of his two motions to declare a mistrial, and the other grounds in the petition are considered abandoned.

■   A witness for the State, testifying against the keeper of a lewd house gave her name as Pauline Taylor.  Her testimony was in effect that she was an inmate of this house of ill fame, and was there having illicit intercourse with men for money.  She later testified that: "My real name is Ida Piper.  Mr. Jones [defendant] told me that it was best not to register my real name. I married Robert Piper."  The following then occurred: "What is your mother's name?  Mr. McClelland:  I don't see what good it could do to expose all of these people.  I believe he ought to spare her that much about her mother.  She has given her husband's name and her right name.  Mr. Finch:  I move to declare a mistrial, on the ground that the solicitor has undertaken to state in court his opinion of her testimony, and on the further ground that the prosecuting attorney has made the statement:  'I think he should spare her,' on the ground that it is highly prejudicial; and I ask for a mistrial.  What is your mother's name?  Mrs. Bessie Waters.  Mr. McClelland:  Did your Honor rule on my objection?  The court:  Yes, I will let him ask it."  It may be that while the solicitor recognized the rule that if the testimony is relevant, the witness should answer, however repulsive and embarrassing it might be (Jones v. State, 138 Ga. 136, 74 S. E. 1001), yet the solicitor might have had in mind Code § 38-1704, which provides as follows: "It shall be the right of a witness to be examined only as to relevant matter; and to be protected from improper questions and from harsh or insulting demeanor;" and that if the question were irrelevant and immaterial and tended to hold the witness and the witness's mother open to embarrassment and public ridicule, it was his right to object.  Edwards v. State, 55 Ga. App. 187 (189 S. E. 678).  We think the words of the solicitor were in effect an objection containing merely his reasons why he thought the questions should not be asked.  However, the court allowed the questions to be answered.  This ground is not meritorious.

■ While, as stated in *Blitch-Everett Co.* v. *Jackson, 29 Ga. App.* 440 (116 S. E. 47), the request by the defendant to have the State's witnesses "sequestered" does not necessarily require the court to "sequester" the defendant's witnesses, in the absence of a request from the solicitor so to do, yet where the defendant had requested the sequestration of the State's witnesses, the judge in his discretion, if he deemed it essential to the discovery of the truth, may order the sequestration of defendant's witnesses even though the solicitor had stated "that he did not care for" the sequestration of the defendant's witnesses. The colloquy between counsel for the defendant and the court seems to have been brought about under the misunderstanding of the defendant's counsel that the judge had ordered the defendant's witnesses to be "sequestered" also. The colloquy disclosed a mere legal sparring between the judge and the defendant's counsel relatively to the offering of a witness of the defendant who had remained in the court-room. Since this court has held that colloquies between the court and counsel as to the validity of objections do not usually afford cause for a new trial (*Cabaniss* v. *State, 8 Ga. App.* 129, 130, 68 S. E. 846; *Harvey* v. *State, 8 Ga. App.* 660, 2, 70 S. E. 141), and in view of the fact that the judge allowed all of the defendant's witnesses offered by him to testify, we can not say that the judge abused his discretion in the matter of "sequestering" witnesses or erred in not declaring a mistrial. The certiorari was properly overruled. See *Edwards* v. *State, 55 Ga. App.* 187 (189 S. E. 687).

*Judgment affirmed. Broyles, C. J., and Guerry, J., concur.*