GREEN *v.* THE STATE.

BELL, Presiding Justice. 1. "An essential element of voluntary manslaughter is passion on the part. of the slayer." *Rentfrow* v. *State,* 123 *Ga.* 539 (2) (51 S. E. 596); *Frazier* v. *State,* 194 *Ga.* 657 (2) (22 S. E. 2d, 404); *Deal* v. *State,* 145 *Ga.* 33 (88 S. E. 573).

2. "The unlawful killing of one who has given the slayer no provocation other than the use of words, threats, menaces, or contemptuous gestures can not be graded as voluntary manslaughter under the doctrine of mutual combat. Code, § 26-1007; *Bird* v. *State,* 128 *Ga.* 253 (57 S. E. 320)." *Cone* v. *State,* 193 *Ga.* 420, 428 (18 S. E. 2d, 850).

3. "Where the evidence introduced by the State made a clear case of unprovoked murder, and the evidence introduced by the defendant and his statement tended to establish that he killed the deceased in self-defense or under the fears of a reasonable man that the deceasd was about to commit a felony upon his person, the judge did not err in refusing, on request of the defendant, to give in charge to the jury .the law of voluntary manslaughter as related to mutual combat." *Johnson* v. *State,* 173 *Ga.* 734 (2) (161 S. E. 590).

4. Under the foregoing principles as applied to the evidence and the defendant's statement, the offense of voluntary manslaughter was not involved, and the court did not err in refusing to charge on that offense.

5. The direct and circumstantial evidence was sufficient to identify the gun and shells as the instruments used by the defendant in committing the homicide, and it was not error to admit them in evidence. *Boynton* v. *State,* 115 *Ga.* 587 (2) (41 S. E. 995).

6. While a dying declaration of the person slain may be subject to impeachment, under the facts of this case the evidence that deceased "brought" a witness some liquor on the day of the killing did not appear to be relevant for that purpose; nor was it admissible to show violent character of the deceased, as contended. Code, § 38-1803; *Redd* v. *State,* 99 *Ga.* 210 (25 S. E. 268); *Chapman* v. *State,* 155 *Ga.* 393

(117 S. E. 321); *Cone* v. *State*, 193 *Ga.* 420 (3) (18 S. E. 2d, 850); *Bivins* v. *State*, 147 *Ga.* 229 (2) (93 S. E. 213); *Wheeler* v. *State*, 4 *Ga. App.* 325 (2) (61 S. E. 409); *Edenfield* v. *State*, 14 *Ga. App.* 401 (81 S. E. 253); *Gilbert* v. *State*, 27 *Ga. App.* 604 (109 S. E. 697).

7 The evidence authorized the verdict; and no error of law having been committed, it was not error to refuse a new trial.

*Judgment affirmed. All the Justices concur.*

No. 14458.   APRIL 15, 1943.

*Joe K. Telford* and *E. C. Brannon,* for plaintiff in error.

*T. Grady Head, attorney-general, G. Fred Kelley, solicitor-general,* and *R. A. McGraw, assistant attorney-general,* contra.