## 36606. ROBERTSON *v.* THE STATE.

DECIDED APRIL 2, 1957.

*Jacobs & Gautier, T. A. Jacobs, Jr.,* for plaintiff in error.

*Wm. M. West, Solicitor-General, Hal Bell, Assistant Solicitor-General,* contra.

GARDNER, P. J. 1. The evidence amply supports the verdict as to the general grounds.

2. Special ground 1 alleges that the court erred in admitting certain testimony of Mr. L. H. Chapman, the Coroner of Bibb County. In order to get a clear view of this point we quote questions and answers immediately preceding and following those to which objections are made. The questions and answers immediately preceding the ones of which complaint are made in this special ground are: "Q. Did you examine the person of Ira Taylor, with reference to what personal effects he had on his person? A. Yes, sir. Q. Did he have a pistol, knife or other weapon? A. No, sir. Q. Did you see any pistol or knife in the room that you were in? A. No, Sir. Q. Did you see his wounds? After he was removed to the undertakers? A. Yes, sir."

The questions and answers in the motion are: On cross-examination: "Q. Who took that knife off of him and give it back to his wife? A. I couldn't tell you, colonel. Q. You didn't know she was given back the knife at the funeral home that was taken off of his person? A. No, sir. I didn't take it because I wouldn't give it to her if I had taken it off of her."

On redirect: "Q. Wasn't there a knife on him? A. No, sir. Q. If you heard of it before that question that any knife was ever taken from him? A. That is the first time I ever. Q. *Is that the first you ever heard of any suggestion of that?* A. *Yes, sir.*"

The questions and answers following the ones which appear in the motion are: "Q. You haven't talked to his wife about that have you? A. I talked to her that night. Q. Did she tell you anything then about getting a knife? A. No, sir, she followed me to the undertaker's."

We have italicized the question and answer to which objection is made particularly. This special ground is not meritorious.

3. Special ground 2 assigns error because it is contended that the court erred in refusing to grant a mistrial when the solicitor-general asked Alfonso Robertson, a witness for the defendant, while on cross-examination, whether or not the witness knew the defendant carried a pocket knife. The specific question was: "Were you with him [Henry Robertson, Jr.] the night that he cut Willie Dennis to death with a pocket knife?" The question was never answered. Counsel for the defendant stated: "Your Honor, please, I think that is wholly immaterial and irrelevant whether he carried a pocket knife six months ago or a year ago. The question is whether or not he had a knife that night or not." The court stated in this connection: "I am going to sustain the objection and I am going to rule that testimony out, gentlemen. You will not consider that at all in this case but disabuse your minds completely of that. I overrule the motion for a mistrial." Counsel for the defendant urged that the court should have rebuked counsel and that the statement of the court was too mild. In view of the question propounded to which no answer was elicited, this was not erroneous. See *Trammel* v. *Atlanta Coach*

*Co.,* 51 *Ga. App.* 705 (5) (181 S. E. 315), *Locklear* v. *State,* 52 *Ga. App.* 87 (182 S. E. 534), and *Boone Company* v. *Owens,* 54 *Ga. App.* 379 (3,4) (187 S. E. 899). *Strickland* v. *State,* 167 *Ga.* 452, 462 (7) (145 S. E. 879), cited by counsel for the defendant, shows that the solicitor-general asked a question which was improper on the face of it and the ruling in that case is not applicable to the facts of the instant case. This special ground sets out as a reason for contending that the overruling of the motion for a mistrial was erroneous: "The witness, Henry Robertson, was a material witness for the defendant and could not be impeached by specific acts, and the solicitor knew he had been tried and acquitted for killing Willie Dennis, and this question was highly improper and unfair as movant contends, and the court should have declared a mistrial on movant's motion." The record reveals that the questions and answers of which complaint is made in this special ground were made to and by Alfonso Robertson and not Henry Robertson as the paragraph of this special ground quoted hereinabove contends. As to this special ground in general, see *Coggins* v. *State,* 57 *Ga. App.* 710 (4) (196 S. E. 149), *Thompson* v. *State,* 58 *Ga. App.* 593 (1) (199 S. E. 568), and *Howard* v. *State,* 60 *Ga. App.* 229 (4 S. E. 2d 418). There are many other decisions which hold to the same effect. See *Kennedy* v. *State,* 51 *Ga. App.* 543 (181 S. E. 139) wherein this court said: "In *Williams* v. *State,* 15 *Ga. App.* 311 (82 S. E. 817), it was said: 'Where in a criminal case not only the evidence but the defendant's statement demanded the verdict rendered, a new trial will not be granted, even though the judge may have committed errors in his charge to the jury, in rulings on evidence, and in refusing to order a mistrial on account of improper argument of counsel. If the jury reached the only result which was legally possible in the case, the judgment of the trial judge will not be reversed merely for the purpose of allowing the case to be heard again, in order that the same result may be more technically reached.' See also *Usry* v. *State,* 17 *Ga. App.* 268 (86 S. E. 417); *Tyre* v. *State,* 35 *Ga. App.* 579 (134 S. E. 178); *Bernolak* v. *State,* 18 *Ga. App.* 7 (89 S. E. 302); *Haupt* v. *State,* 108 *Ga.* 60 (2) (33 S. E. 829.)" In view of the whole record and what the court stated regarding the objection

covered in this special ground there was no error as contended for in this ground.

4. Special ground 3 assigns error because it is alleged that the court erred in allowing in evidence certain testimony of the defendant's mother, and shows that while she was on the stand on cross-examination she was asked questions regarding the reputation of brothers of the defendant, and specifically Henry Robertson, Jr. Counsel for the defendant made a motion to exclude the testimony. The court did so. Counsel stated: "I think that is proper, Sir, that is my motion." The court stated: "I think I will rule that testimony out. I'll instruct the jury that they not consider any evidence at all concerning any difficulty or altercation between Henry Robertson and Willie Denson; also instruct the jury not to consider any testimony of the mother as to whether or not she would testify or not testify as to the good character of Henry Robertson. I will rule out all of her testimony as to. . ." On this point the court charged the jury, at the request of counsel for the defendant as follows: "There has been certain testimony introduced concerning some alleged difficulty or altercation between a witness Henry Robertson and one Willie Denson. I am going to withdraw that testimony from the consideration of the jury and ask you not to consider that testimony at all but to disabuse your minds completely of it and give it no consideration. Further, I am going to instruct the jury that whether or not the mother would or would not testify as to the good character of her son, Henry Robertson, is no question in this case at all, I am going to withdraw that from the jury and ask you not to consider but disabuse your minds completely of any testimony that she might have given concerning whether or not she would testify to the good character of her son, Henry Robertson." Counsel contends that the court should have, of its own motion, declared a mistrial or should have rebuked counsel severely, and further that the court was too mild in withdrawing the testimony. The court granted everything counsel asked for and counsel so admitted this in open court. This ground shows no reversible error.

5. Special ground 4 assigns error because it is alleged that the court erred in admitting in evidence certain testimony of the

defendant's mother regarding certain specific acts of the defendant going to the issue of his reputation. This was on cross-examination that the solicitor-general propounded a question to the mother as to whether or not the defendant had an illegitimate child by a non-married negro woman by the name of Naomi. She had already testified, on direct examination, that the defendant had a good character. On cross-examination it was admissible for the State to go into specific acts in order to show that the defendant did not have a good character. This special ground is without merit.

6. Special ground 5 contends that the trial court erred in charging the jury as follows: "I charge you further that the law does not require one to retreat to avoid the commission of a felony upon his person, but he is justified under the law in using such force as may be necessary to repel such a felonious assault. If you believe that the defendant did cut and stab the deceased with the weapon alleged, in this county, at the time and place alleged in the indictment, but you believe that he was justified under one or more of the principles of law just given you in charge, or that he did so in defense of his life, or of his person, against a felonious assault sought to be inflicted upon him by the deceased, then you would acquit him." Immediately following this excerpt the court charged as follows: "If under all the facts and circumstances as they existed at the time of the alleged homicide, this defendant as a reasonable man, a reasonably courageous man, believed that it was necessary to take the life of the deceased in order to save his own life, or in order to prevent the commission of a felonious assault upon his person, and the defendant, in good faith, acted under the influence of those fears and not in a spirit of revenge, then he would be justified and you should acquit him. This is true although you should find that there was, in fact, no actual danger, actual assault or impending danger. I charge you further, however, that the doctrine of reasonable fears as a defense applies in a case of homicide only where the danger apprehended is urgent and pressing or apparently so at the time of the killing." In view of this whole charge of the court on this point the excerpt of which complaint is made is not erroneous.

7. Special ground 6 assigns error because it is alleged that the court erred in charging as follows: "A defendant charged with murder can introduce in evidence proof that the deceased was a person of violent or turbulent character when it is shown prima facie that the defendant has been assailed and was honestly seeking to defend himself, or one whom he had a right to defend. The general rule is this: Not that it is lawful coolly to attack and kill a person of ferocious or blood-thirsty character, for it is as much murder to kill in such manner the most desperate of men as to kill the most inoffensive, but whenever it is shown that a person honestly and non-negligently believes he is attacked, it is admissible for him to put in evidence whatever might show the bona fides of his beliefs. The defendant must first show prima facie that he was attacked, and, this foundation being laid, it is legitimate for him to put in evidence whatever would show that he had reason to believe such attack to be felonious. Generally, the slayer can derive no advantage from the character of the deceased for violence where the killing took place under circumstances that showed he did not believe himself in danger." The court followed this excerpt with the following: "If, at the time the deadly blow was inflicted, the person who inflicted it had well founded reasons to believe himself in peril, then such killing will not be murder. If the killing took place under circumstances that could afford the slayer no reasonable grounds to believe himself in peril, he could derive no advantage from the general character of the deceased for turbulence and violence. In considering the question, as to whether the homicide was perpetrated in malice or from a principle of self-preservation, or otherwise, the jury may consider what the evidence shows concerning the character of the deceased for violence, and the knowledge of such character by the defendant. The character of the deceased for violence, if satisfactorily proven, is to be considered by you among other purposes on the question of the reasonableness of the defendant's fears, if any, and on the question as to whether the defendant acted at the time of the alleged homicide from malice, or in self-defense, or was justified under a real or apparent necessity." It is our opinion that the court charged fully and completely on this point. This special ground shows no reversible error.

8. Special ground 7 assigns error because the court failed to charge, without a request, the provisions of Code §§ 26-1011 and 26-1017 relating to justifiable homicide. A reading of the full charge of the court on the subject of justifiable homicide reveals that the charge was full and comprehensive on this phase of the law. It is our opinion that the court's charge gave the defendant the benefit of justification in a positive manner, not as a negative defense as contended by counsel for the defendant; therefore, *Fountain* v. *State*, 207 *Ga.* 144 (60 S. E. 2d 433), and *Waller* v. *State*, 102 *Ga.* 684 (28 S. E. 284) do not apply under the full charge of the court in the instant case. This special ground is not meritorious for any reason assigned.

9. Special ground 8 contends that the court erred in giving the following excerpt to the jury: "Now the defendant contends that he is not guilty of either offense. By his plea of not guilty, by his evidence, by his statement, and through his counsel he denies that the State has introduced evidence which shows his guilt of either offense. He contends that he acted in self-defense to protect his life and person from a felonious assault at the time of the cutting alleged by the State in the indictment and denies his guilt of either offense, and I charge you that if you find this contention of the defendant to be the truth of the case, you would acquit him." Immediately following this excerpt the court charged: "I charge you further that if under all or any of the law I have given you in charge, from a consideration of the evidence, the evidence and the defendant's statement, or from the defendant's statement alone you believe he is not guilty, or if there rests upon your minds a reasonable doubt of his guilt it would be your duty to acquit him, and the form of that verdict would be: 'We, the jury, find the defendant, naming him, not guilty.'" Counsel for the defendant cites the following cases in support of this contention: *Patterson* v. *State*, 44 *Ga. App.* 744 (162 S. E. 871), *Dotson* v. *State*, 129 *Ga.* 727 (59 S. E. 774), *Redd* v. *State*, 99 *Ga.* 210 (25 S. E. 268), and *Cumming* v. *State*, 99 *Ga.* 662 (27 S. E. 177). We have read these cases in the light of the evidence and the pleadings and the court's charge in this case. It is our opinion that the cases cited are not binding authority to reverse the instant case on special ground 8. The

court's charge as a whole covered the point sufficiently.

10. Special ground 9 goes to the contention that the court should have granted a mistrial because of certain testimony of the defendant's mother regarding his good character. As is conceded by counsel for both parties, the refusal to grant a mistrial is complained of in special grounds 2 and 3 of the amended motion, which we have covered hereinabove. Special ground 9 shows no reversible error.

In view of the record in this case concerning the alleged irregularities as to the special grounds, other than the reasons which we have stated hereinabove, the special grounds do not require a reversal because it is our opinion that the evidence introduced by the State and the defendant's statement, supported and demanded the verdict returned by the jury.

*Judgment affirmed. Townsend and Carlisle, JJ., concur.*