■ The court charged: "In order for these defendants to be jointly liable, you must find there were joint and concurrent acts of negligence, and that the negligence of each driver concurring with the other produced the event. Now, there may be different degrees of negligence attached as you may see the evidence in this case, but that would make no difference as to whether one were slight and the other was ordinary, or whether one was gross and the other was ordinary, so long as these acts were joint and concurrent on the part of each defendant." This instruction was of course error because it instructed the jury that if even slight negligence on the part of one or more of the defendants combined to cause the injury each would be liable. It apparently did confuse the jury for they returned and the foreman requested a repetition of the charge on "whether it were slight or major," to which the judge responded by repeating the erroneous instructions. The appellant owed no duty to exercise extraordinary care toward the plaintiff, but from the repetition of this charge the jury might have concluded that he should be liable although his negligence was slight. This error makes necessary the grant of a new trial.

*Judgment reversed. Nichols, P. J., and Hall, J., concur.*

## 42279. PERRY v. THE STATE.

Deen, Judge. 1. While it is contended that the trial court erred in refusing to declare a mistrial because of argument of the solicitor, the remarks of the latter to which objection was interposed appear nowhere in the record, and the objection was only: "I object to that argument. I don't believe there is any evidence, and I would like to ask for a mistrial. It is highly prejudicial, the word 'flim-flam' implies there's been some sort of cheating or swindling." The word is stated to have been used in connection with certain photographs, which also do not appear in this record. There is nothing before us which would serve as a basis for any ruling on the propriety or lack of it in the alleged remarks.

2. The defendant was tried on a two-count indictment for assault with intent to murder Fred Gravitt and D. G. Durham,

was acquitted on the second count and convicted of unlawfully shooting at Gravitt. There was evidence that relatives of Perry and Gravitt had been engaged in an altercation regarding title to an automobile, and that Perry and Gravitt had had a telephone conversation in which the defendant had threatened to kill or "whip" Gravitt; that on the same day Gravitt and Durham, after being informed Perry was looking for them, drove a short distance down the road and met the car in which Perry and his brother were riding. Both cars stopped. The evidence is in sharp dispute as to whether or not Durham was armed (Gravitt was not), and as to whether Durham fired first, as contended by the defendant. Perry fired at Durham and then at Gravitt as the latter started to walk around the back of his vehicle. Under these circumstances, where the defendant contended that he fired in self-defense but under one view of the testimony they were engaged in mutual combat, it was not error to charge *Code* § 26-1014, "which is applicable only to mutual combat." *Bivins v. State*, 200 Ga. 729 (2) (38 SE2d 273). Nor is the contention well taken that the principles of law of good faith and absolute necessity which alone will justify a killing under *Code* § 26-1014 were confused with the law of justifiable homicide and the fears of a reasonable man set out in *Code* §§ 26-1011 and 26-1012, also given in charge, which latter apply to situations where the defendant is without fault. The defenses were not commingled as in the cases of *Franklin v. State*, 146 Ga. 40 (90 SE 480) and *McKibben v. State*, 88 Ga. App. 466 (77 SE2d 86).

3. It is further contended that the court erred in failing to instruct the jury that if the defendant's acts were justifiable he should be acquitted. The court did define justifiable homicide. It stated that to find a verdict of guilty of assault with intent to murder they must find the shooting was without justification; that one would be justified in killing to prevent the commission of a felony; that "where the circumstances are sufficient to excite the fears of a reasonable man that a felony is about to be committed on his person, it is justifiable for him to shoot another . . . and this is true whatever the grade of the felony may be"; that "the law gives a person the right to defend himself against all unprovoked assaults, all unlawful assaults, and that means he is authorized to use such force as may be reasonably necessary to successfully

defend oneself against such unlawful assaults"; that to return a verdict of guilty of shooting at another the jury must find beyond a reasonable doubt "that it was unlawful and without justification," and gave the penalty for this offense as to "any person who shall be guilty of the offense of shooting at another, except in his own defense or under circumstances of justification." The charge as a whole gave the defendant the benefit of this affirmative defense. Cf. *Robertson v. State*, 95 Ga. App. 445 (8) (98 SE2d 199).

*Judgment affirmed. Nichols, P. J., and Hall, J., concur.*

SUBMITTED SEPTEMBER 12, 1966—DECIDED SEPTEMBER 29, 1966.

*Lindsay H. Bennett, Jr.,* for appellant.
*Earl B. Self, Solicitor General,* for appellee.