## 57658. SMITH v. THE STATE.

Deen, Chief Judge.

The appellant was tried and convicted of burglary and brings this appeal following the denial of his motion for a new trial.

During the trial, the defendant admitted that he broke into an automobile paint and body shop to get some tires and that he stole a stereo. "A defendant's admission in open court is an admission in judicio, and the fact therein stated may be taken as true without further proof. . . . Such judicial admission is conclusive . . . In view of the defendant's admission of guilt any alleged errors in the charge must be considered as harmless error." *Harris v. State,* 133 Ga. App. 310 (211 SE2d 144) (1974). "'Where in a criminal case not only the evidence but the defendant's statement demanded the verdict rendered, a new trial will not be granted, even though the judge may have committed errors in his charge to the jury, in rulings on evidence, and in refusing to order a mistrial on account of improper argument of counsel. If the jury reached the only result which was legally possible in the case, the judgment of the trial judge will not be reversed merely for the purpose of allowing the case to be heard again, in order that the same result may be more technically reached.' *Robertson v. State,* 95 Ga. App. 445, 447 (98 SE2d 199)." *Tischmak v. State,* 133 Ga. App. 534, 536 (211 SE2d 587) (1974).

Accordingly, this judgment must be affirmed.

*Judgment affirmed. McMurray, P. J., and Birdsong, J., concur. Shulman, J., not participating.*

Submitted April 11, 1979 — Decided June 5, 1979 — Rehearing denied June 28, 1979.

*Stephen M. Friedberg,* for appellant.
John Smith, *pro se.*
*Lewis R. Slaton, District Attorney, Joseph J. Drolet, H. Allen Moye, Assistant District Attorneys,* for appellee.

ON MOTION FOR REHEARING.

It is contended in the motion to rehear that we failed to address appellant's contention that the trial court denied him the right to have his advisor-attorney participate in the defense of his case.

Prior to trial, appellant moved to be permitted to proceed as his own counsel, to dismiss his attorney as counsel, and to reappoint the attorney and allow him to act as advisory counsel. This motion was granted although the court denied the advisory counsel the right to cross examine witnesses, to make objections, and to make a closing argument. However, counsel was informed that he could fully advise his client on such matters as when to make objections. At trial, counsel was permitted to examine the defendant when he took the witness stand on his own behalf.

"The discretion of the trial judge in regulating conduct of counsel, parties, and the witnesses, and in prescribing the manner in which the business shall be conducted, including the manner in which the prisoner shall exercise his constitutional right of defense in person, is broad and is ample to enable him in any case to effect the purposes for which it is inherently his; but his discretion is not unlimited, for it must not be abused and it may not be exercised in such a way as to involve a deprivation of right." *Loomis v. State,* 78 Ga. App. 153, 163 (51 SE2d 13) (1948). The facts in this case show no abuse of discretion by the trial court.

*Motion for rehearing denied.*